Eastern Dis.
*January*, 1834.

JARREAU
*vs.*
CHOPPIN
ET AL.

## JARREAU *vs.* CHOPPIN ET AL.

In case the judge before whom the cause is pending, is incompetent to try it, and the right to a trial by another judge is denied, the injury from such a judgment is irreparable, and an appeal therefrom may be taken.

The act of 1824, relating to the trial of causes in which the judges are recused, impliedly repeals the thirtieth section of the act of 1813, which directed the transfer of a cause which the district judge was incapacitated to try, to the court of a neighboring district.

The first section of the act of 1824, in which the legislature order certain causes to be tried by the parish judge, repeals the first section of the act of 1822, amending the several acts to organise the courts.

Where a parish judge is legally called on to try a cause in the district court, he is a district judge *ad hoc*, and exercises the powers of a district court.

The art. 342 of the Code of Practice, is applicable only to courts sitting in the city of New Orleans.

The law of 1822, as to the trial of causes, cannot be resorted to, to prevent a delay of justice, in those cases to which the act of 1824 is inapplicable.

The judge before whom the case originated, and that whom the law calls in his place, being both incapacitated from acting, is a *casus omissus*, and is remediable by the legislature only.

On the second of January, 1830, Jean Ursin Jarreau, sold to Jean Mani Choppin, and Antonio Bonaventura Michel, a steam saw mill with all its appurtenances, and the lot of ground on which it stands, situated in the parish of Point Coupée. The purchase money was nine thousand dollars, secured upon the premises by act importing confession of judgment, and to be paid at specified periods. Mani Choppin died, and the premises passed into the possession of Claude Antoine Choppin, by a purchase at a probate sale of the property of the deceased. The vendor brought suit against the surviving vendee and Claude Antoine Choppin, for the

EASTERN DIS.
January, 1834.

JARREAU
vs.
CHOPPIN
ET AL.

seizure and sale of the property, for the payment of one of the instalments, amounting to two thousand eight hundred and thirty-four dollars.

Claude Antoine Choppin, then instituted an action by injunction, against Jarreau and the sheriff, to stay all further proceedings on the order of seizure and sale of the property, for certain causes specified in his petition, addressed to the judge of the fourth judicial district, in and for the parish of Point Coupée.

The plaintiff in the first action, appeared and moved that the cause be referred to the district judge of one of the adjoining districts, and that the clerk transmit to such judge a certified copy of this order, and requiring him to attend and try this cause on a certain day, on the ground that the judge of that court, and of the parish court for that district, had both been employed as counsel in the cause.

The parish judge was sworn, and deposed that he had been employed as counsel in this cause. The judge of the district court, in his written opinion, stated that he had been employed as counsel in the cause.

The judge *a quo* overruled the motion. The plaintiff appealed.

*Mitchell,* for defendant and appellant.

The decision of the district court is erroneous and must be reversed, and the district judge be ordered to refer the case. Acts of 1813, 34; 1814, 74; 1817, 42; 1822, 84; 1824, 8; 1825, 120; 1828, 160; 1831, 100. Extra session, 12; 1833, 93. *Code of Practice,* 128, 342. *Civil Code,* 17, 18.

*Turner and Ogden, contra.*

1. There has been no final judgment rendered. *Code of Practice, art.* 566.

2. There has been no interlocutory judgment rendered in the case, from which an appeal will lie. *Code of Practice,* 567. *Jacob's Law Dictionary, vol.* 3, *p.* 527, 532. *Blackstone's Commentaries, vol.* 3, *p.* 448.

EASTERN DIS.
January, 1834.

JARREAU
vs.
CHOPPIN
ET AL.

3. Because an appeal in the present case, is not the proper remedy.   *Code of Practice,* 829, 830, 831.

4. The motion of the appellant was properly overruled in the district court.   The judge of the court being the counsel on record, was directed by the act of 1824, 5th February, to refer the trial of the cause to the parish judge of the parish, and it then remained for the parish judge, when called on to act, to determine whether he, also, was disqualified to try the cause, on the ground of having an interest, or having been of counsel, or consulted in the cause.

5. The parish judge, since the act of 1824, is the only competent judge to try those causes where the district judge recuses himself, or is recused by the parties, and when the parish judge is also disqualified to act, there is no other tribunal by the existing laws, empowered to try the cause.   The act of 1822, by which it was provided, that whenever the judge of any district court shall be a party to any cause therein pending, &c., the cause shall be referred to a judge of one of the adjoining districts, must be considered as virtually repealed by the act aforesaid, of 1824, because the provisions of this last, are entirely irreconcilable with those of the former, and the least compliance by the court with the act of 1822, would be a violation of the clear and positive directions of the subsequent act of 1824, by which, without any *proviso* whatever, a disposition of the cause altogether different, is directed to be made.

6. The act of 1822, was repealed by the act of 1824. The act of 1813, *Moreau's Dig. p* 397, was in like manner repealed by the act of 1814, and this act was in like manner dispensed with, so far as its provisions were changed by the act of 1817.   See *Digest,* 303 and 324.   In like manner the provisions of the act of 1817, so far as changed by the act of 1822, were repealed.   This was the course of practice acquiesced in under these several statutes.

MARTIN, J., delivered the opinion of the court.

The plaintiff is appellant from the refusal of the district court, who refused, on his suggestion, that the judge of the

EASTERN DIS.
*January*, 1834.

JARREAU
*vs.*
CHOPPIN
ET AL.

court, and that of the parish in which it was holden, had been employed as counsel in the case, to order a trial of it by the judge of one of the adjoining districts.

The defendant and appellee has prayed for the dismissal of the appeal, because the decision appealed from, is not a definitive judgment but a mere interlocutory one, which works no injury irreparable by appeal from the final judgment.

It is clear, that as the district judge before whom the the action is pending, cannot give a final judgment in this case, if the plaintiff has the right to have it tried by another judge, and that right is erroneously denied him, this denial works against him an injury which no final judgment in the cause can repair, since no final judgment can be given therein, till the decision of the district court be revoked by this. We, therefore, think the appeal was properly taken.

*In case the judge before whom the cause is pending, is incompetent to try it, and the right to trial by another judge is denied, the injury from such a judgment is irreparable, and an appeal therefrom may be taken.*

On the merits, the appellant has relied on several acts of the legislature, viz. 1813, 34; 1814, 74; 1817, 42; 1822, 84; 1824, 8; 1825, 12; 1831, 100; extra sessions of that year, 12; 1833, 93; and the *Code of Practice*, 128 and 342; and *Code*, 17 and 18.

The sole question presented for solution to this court, is whether the district court erred in overruling the motion of the plaintiff's counsel, for an order of reference of the case to the judge of one of the adjoining districts, it appearing that both the district judge before whom the case was pending, and the judge of the parish in which the court was sitting, had been employed and consulted therein.

This motion was grounded on the first section of an act passed in 1822, page 84. This motion was opposed on the ground that the provision in this section had been repealed, a different one having been made by the first section of the act of 1824, page 122, which orders a reference of the case to the parish judge.

The counsel of the appellant relies on our *Civil Code*, 17 and 18, which provides that "laws *in pari materia*, or upon the same subject, must be construed with a reference to each other. What is clear in one statute, may be called

EASTERN DIS.
January, 1834.

JARREAU
vs.
CHOPPIN
ET AL.

in aid, to explain what is doubtful in another;" and that, " the most universal and the most effectual way of discover-the true meaning of a law, where its expressions are dubious, is by considering the reason and spirit of it or the cause which induced the legislature to enact it."

This part of the *Code* would be applicable, if the expressions of the act of 1824 were dubious, or did not present the true meaning of the legislature: but this is not pretended.

If there was a need of construction in order to ascertain whether the act of 1824 was intended to present a cumulative, rather than a *new* provision, we would think that the mischief was, that a district judge under the act of 1822, was compelled to travel to another parish, while his services were required by suitors in that of his own district; that a choice was to be made between two distinct judges, whether the selection might offer a cause of complaint to one of the litigants; the legislature, therefore, applied a remedy to this mischief, by exempting district judges from being called on to travel out of their districts, and abolishing the selection.

A law must be expressly or impliedly repealed. *Civil Code*, 23. It is impliedly so, when the new law contains provisions contrary to, or irreconcilable with the former one.

The act of 1824, relating to the trial of causes in which the judges are recused, impliedly repeals the 30th section of the act of 1813, which directed the transfer of a cause which a district judge was incapacited to try, to the court of a neighbouring district.

Thus the act of 1824, was a repeal of the thirtieth section of the act of 1813, which directed the transfer of a cause which a district judge was incapacitated to try, to the court of a neighboring district. The new act requiring that the judge of a neighboring district should come and try the cause in the court in which it had been instituted. The provision that the judge should come *into* the district being contrary to, and irreconcilable with the former, which required the transfer of the cause to the district of the judge who was to try it. The new provision being imperative, could not be said to be cumulative only, so as to authorise a transfer, *ad libitum*, to it or to the former.

The 1st section of the act of 1824, in which the legislature order the cause to be tried by the parish judge, repeals the 1st section of the act of 1822, amending the several acts to organize the courts.

So the provision of the act of 1822 being inconsistent, contrary to, and irreconcilable with that of the act of 1824, in which the legislature orders the cause to be tried by the parish judge, the provisions of the former act, must be considered as repealed.

*Expressio unius est exclusio alterius.* When the legisla-
ture expresses its will, that a cause shall be tried by a parish
judge, it intimates forcibly its will, that its former provision
that the district judge shall try it is to be superseded.

It would have been different if the latter act had
merely authorised or permitted the parish judge to try the
cause; thus he and the district judge would have had con-
current powers. But the last act is imperious and requires
the cause to be tried by the parish judge.

Lastly, the counsel of the appellant has referred us to
the *Code of Practice,* 128, 342.

The 128th article contains the jurisdiction of parish <span style="font-size:smaller">Where a parish judge is legally called on to try a</span>
courts, but where a parish judge is legally called on to try a <span style="font-size:smaller">cause in the dis-trict court, he is</span>
cause in the district court, he is a district judge *ad hoc,* and <span style="font-size:smaller">a district judge, *ad hoc,* and exer-</span>
exercises the power of a district court. <span style="font-size:smaller">cises the power-of a district court.</span>

The article 342 is applicable only to courts sitting in the <span style="font-size:smaller">The 342d art. of the *Code of*</span>
city of New-Orleans, where the district and parish courts <span style="font-size:smaller">*Practice,* is ap-plicable only to</span>
have in several cases, concurrent jurisdiction. It is not <span style="font-size:smaller">courts sitting in the city of New-</span>
pretended that in the parish of Point Coupée, in which the <span style="font-size:smaller">Orleans.</span>
present action originated, there are courts of concurrent
jurisdiction.

The *Code of Practice,* as to the disposal of causes, in which
the judge is recused refers us to anterior laws.

In the acts of the legislature posterior to that code, the
provision which appears is applicable to the present case.

As we are of opinion that the act of 1824 repeals that of
1822, it follows that the latter cannot be referred to in order <span style="font-size:smaller">The law of 1822, as to the</span>
to prevent a failure, or rather delay of justice, in cases in <span style="font-size:smaller">trial of causes, cannot be resort-</span>
which the act of 1824, cannot be referred to. The judge <span style="font-size:smaller">ed to, to prevent a delay of justice</span>
before whom the cause originated, and that whom the law <span style="font-size:smaller">in those cases to which the act of</span>
calls in his stead, being both incapacitated from acting, <span style="font-size:smaller">1824 is inapplica-ble</span>
the appellant is precisely in the same situation, in which a <span style="font-size:smaller">The judge be-fore whom the</span>
suitor would have been, under the act of 1822, if the judge <span style="font-size:smaller">case originated, and that whom</span>
of his own and that of the two neighboring districts, had been <span style="font-size:smaller">the law calls in his place, being</span>
incapacitated. His would then be a *casus omissus* in the <span style="font-size:smaller">both incapacitat-ed from acting, is</span>
law and remediable by the legislature only. <span style="font-size:smaller">a *casus omissus,* & remediable by</span>

It is therefore, ordered, adjudged, and decreed, that the <span style="font-size:smaller">the legislature only</span>
judgment of the district court be affirmed with costs.