The opinion of the court was delivered by
Manning, O. J.
A rule was taken before the judge of the Sixteenth Judicial District upon the relators to shew cause why a suit pending in the third District should not be transferred to the first named court. The relators excepted that the proceedings have been discontinued by the district attorney of the third District, and then answered. The judgment overruled the “ motions, exceptions, and defences” filed by the district attorney, and the rule was made absolute. A suspensive appeal was prayed, which being refused, the relators have applied for a mandamus, and we have now to determine whether the provisional writ shall be made peremptory.
*48 There is a manifest reason why an appeal should lie from an order transferring a o tuse from a State court to a U. S. court, that does not hold good when the transfer is from one State court to another. In the former case, the State courts lose the jurisdiction entirely, and if an appeal were not permitted, there would be no opportunity to ascertain or 'test the legality of the order. But in the latter case, the appeal is eventually to this tribunal, and the order of removal comes up with the final judgment, and is subject to our review. The injury is therefore not irreparable.
In Todd vs. Andrews, 3 Mart. N. S. 25, the appeal was from an order ■transferring a cause to a neighbouring district in consequence of the recusation of the judge, and the court say that the transfer was not ■such irreparable injury as warranted an appeal, and announce the rule to be, that wherever a party can be relieved on a final judgment, the ■grievance is not such as requires the aid of this court at an earlier period. And this ruling was followed in Powell v. Keller, 1 Annual, 25, and Pool v. Moorhouse, 13 Annual, 300. On the other hand, and for the reason that the injury would be irreparable, an appeal would lie if •the right of transfer had been denied. Jarreau v. Choppin, 6 La. 130.
The peremptory mandamus is refused at the costó of the relators.