George R. Splane, Plff. in Err., v. Commonwealth of Pennsylvania.

The selling of soda water on Sunday in a store is a violation of the act of April 22, 1794.

(Argued November 9, 1887. Decided January 3, 1888.)

Cited in Com. v. Ryan, 3 Lack. Jur. 334; Com. v. Diffenbaugh, 19 Lanc. L. Rev. 19, 26 Pa. Co. Ct. 69; Com. v. Burry, 5 Pa. Co. Ct. 481, 486.

NOTE.—A similar decision is found in Com. v. Ryan, 15 Pa. Co. Ct. 223. The Sunday law of April 22, 1794, has been held to forbid the keeping open of a barber shop on that day (Com. v. Waldman, 140 Pa. 89, 11 L. R. A. 563, 21 Atl. 248); or selling Sunday newspapers (Com. v. Matthews,

October Term, 1887, Nos. 262, 263, W. D., before GORDON, Ch. J., PAXSON, STERRETT, and WILLIAMS, JJ. Certiorari to the Common Pleas No. 1 of Allegheny County to review a judgment in favor of the commonwealth on an appeal from an alderman. Affirmed.

George R. Splane was twice convicted, before an alderman, of selling soda water on Sunday. The alderman's record of the first conviction was as follows:

Charge: Worldly employment on Sunday.

Warrant issued to P. J. Young, constable, July 19, 1887, on oath of A. Wishart; and now, September 9, 1887, defendant aforesaid notified and came to office, and prosecutor and defendant both appeared, and A. Wishart, sworn for the commonwealth. Frank Burns called as a witness for the commonwealth, but does not answer.

Be it remembered, that on the 9th day of September, 1887, George R. Splane, of Allegheny county, Pennsylvania, merchant (he being personally present), is convicted before me, being one of the aldermen of the city of Pittsburgh, in the county of Allegheny, of doing and performing worldly employment and business within said county (the same not being a work of necessity or charity), on the 17th day of June, 1887, the said day being the Lord's Day, commonly called Sunday, contrary to the act of assembly, entitled "An Act for the Prevention of Vice and Immorality and Unlawful Gaming, and to Restrain Disorderly Sports and Dissipation," approved April 22, 1794, and the act entitled "A Supplement to an Act to Extend the Powers of Certain Officers in Allegheny County, Approved the 26th day of February, 1885, and for the Better Regulation of the Sabbath in Said County," approved April 26, 1855, P. L. pp. 321, 322—the particular acts done and business and employment carried on, being as follows,—to wit, (1) selling soda water as a beverage, and exposing the same for sale and keeping

152 Pa. 166, 18 L. R. A. 761, 25 Atl. 548) ; or publishing newspapers on that day (Com. v. Houston, 14 Pa. Co. Ct. 395, 3 Pa. Dist. R. 686) ; or pumping oil wells for profit (Com. v. Gillespie, 146 Pa. 546, 23 Atl. 393) ; or running an excursion steamboat (Com. v. Rees, 10 Pa. Co. Ct. 545, 22 Pittsb. L. J. N. S. 189) ; but not the keeping of a restaurant (Com. v. Hengler, 15 Pa. Co. Ct. 222) ; or the running of street cars (Com. ex rel. Obold v. Berks County Prison Warden, 11 Pa. Dist. R. 45) ; nor does it apply to drunkenness, swearing and disorderly conduct (Noftsker v. Com. 22 Pa. Co. Ct. 559, 8 Pa. Dist. R. 572).

his store open for business, at No. 500 Smithfield street, Pittsburgh, Pennsylvania. And I do adjudge him to forfeit and pay for the same the sum of $25 with costs of this suit, to be distributed according to law, and in default of payment or of goods to levy upon to satisfy the same, shall be committed to the county prison, to wit, the Allegheny County Jail, for thirty days. Given under my hand and seal the day and year aforesaid.

Jno. W. Bell, Alderman. [Seal.]

Testimony.

Commonwealth,    Hearing September 9, 1887,
v.    8 to 9 A. M.
George R. Splane.

And now, September 9, 1887, parties appear, West McMurray, Esq., attorney for defendant, and M. W. Wishart, sworn and says: "I know defendant's place of 500 Smithfield street, Pittsburgh, Pennsylvania. I was at his place Sunday, July 24, 1887. Saw four colored men get soda water. I called for soda water and received and paid for it. I bought it as a beverage. His store was open for business. Defendant has been prosecuted before for a previous offense."

Jos. McCoy sworn for the commonwealth, and says: "I was with M. W. Wishart, on Sunday, July 24, 1887, at defendant's drug store. I corroborate his statements in every particular."

Plaintiffs offer in evidence the records of the court of quarter sessions of this county, No. 25, June sessions, 1887, Commonwealth v. George R. Splane. Objected to by defendant's counsel, because neither the record nor copy is proffered.

And now, September 9, 1887, after hearing, defendant is fined $25 and cost, or thirty days to jail.

The record of second conviction was similar to the first.

Splane took appeals, and filed the following exceptions to the alderman's record:

1. The information fails to set forth any offense under the acts of 1794 and 1855.

2. The record fails to show, either in averment or proof, that plaintiff in error sold soda water himself, or that any of his servants sold it with his knowledge or consent.

3. The sale of soda water on Sunday is not a violation of the acts of assembly of 1794 and 1855.

The court overruled the exceptions and affirmed the judgment of the alderman.

The assignments of error specified: (1–3) The action of the court in overruling the exceptions of defendant; (4) in finding that the evidence upon the record returned was sufficient to justify the judgment of the alderman; and (5) in affirming the judgment.

*West McMurray,* for plaintiff in error.—Everything necessary to sustain a summary conviction, including the evidence, must appear upon the face of the record. Kulp v. WilkesBarre, 29 Pittsb. L. J. 414; Com. v. Liller, 12 Lanc. Bar, 188; Philadelphia v. Campbell, 11 Phila. 163; Seaman v. Com. 11 W. N. C. 14.

The evidence in this case is insufficient for three reasons:

1. It fails to show that defendant sold soda water himself, or that any of his servants sold it, with either his knowledge or consent.

2. It fails to show what soda water is, and that it is a thing which may not, therefore, lawfully be sold on Sunday.

3. It fails to show that the sale of it was not a necessity.

A lock keeper upon a canal is not liable to conviction under the act of 1794 for tending the locks on Sunday. Travel upon the canal may be lawful for some purposes, and the agents of the canal company are not to judge of the lawfulness thereof. Murray v. Com. 24 Pa. 270.

Granting that it is sold simply as a beverage, we still say that the sale thereof is not unlawful.

Statutes *in pari materia* are to be construed together. Even though made at different times, or even expired and not referring to each other, they shall be taken as one system and explanatory of each other. Per MANSFIELD, J., in Ailesbury v. Pattison, 1 Dougl. K. B. 30; Doe *ex dem.* Lafontaine v. Avaline, 8 Ind. 6; Coffin v. Rich, 45 Me. 507, 71 Am. Dec. 559.

The act of 1705 says: "Provided always, That nothing in this act be construed to prevent the victualing houses, or other public house or place from supplying the necessary occasions of travelers, inmates, lodgers, or others, on the first day of the week, with victuals and drink in moderation, for refreshment only."

This act was superseded by the act of 1786, which is sub-

stantially the same in title and terms as the act of 1794. Omit v. Com. 21 Pa. 433.

Both the latter acts having omitted the word "drink," the court held that the sale of liquor was evidently intended to be excluded, and held that the only thing excluded was liquor. As a consequence all other matter of refreshment (the word used in the act of 1705) might be sold.

The words, "bake houses, lodging houses, inns, and other houses of entertainment," used in the act of 1794, as indicative of the places in which refreshments may be had, are comprehensive enough to include any store that furnishes the refreshment.

*Yost & Rebman* for defendant in error.

PER CURIAM:

This being a certiorari we have nothing to do but examine the magistrate's record, and as we find it to be in all particulars regular, setting forth also, as it does, an offense clearly punishable under the act of 1794 and its supplements, we must. affirm the judgment. We may add, however, that we concur in the opinion of the court below. Few acts upon our statute books are of more importance to the welfare of the good citizens of this commonwealth than the act of 1794. The weekly. day of rest is, from a mere physical and political standpoint, of infinitely greater value than is ordinarily supposed, since it not only affords a healthful relaxation to persons in every position of life, but throws a strong barrier in the way of the degradation and oppression of the laboring classes, who, of all others, need this ever recurring day of rest, and relief from weekly toil.

It is, therefore, neither harsh or unjust that men of capital should be required to obey those statutes which have been wisely ordered for the protection of the Sabbath.

Judgment affirmed.