The opinion of the court was delivered by
Bermudez, O. J.
This is an application for a mandamus.
The complaint is, that the defendant judge refuses to grant a suspensive appeal from a decree rendered by him, as judge ad hoe, overruling a plea of recusation, on the ground of interest of the judge of the twenty-second judicial district, in a case in which the relator is plaintiff, and which the respondent judge was. called on by the recused judge to consider and determine.
The averments are, that the decree thus rendered is a final judgment, and that, if it be not such, but a mere interlocutory decree, it is one which, if executed, would cause irreparable injury. It is therefore concluded that in either case a suspensive appeal lies.
The judge ad hoc returns that the suspensive appeal was denied, because the recusation,'being in'the nature of a plea to the jurisdiction, could give rise only to an interlocutory judgment, which would not work irreparable injury, for the reason that the right of the relator to appeal from the final judgment on the merits involves that of review of all interlocutory decrees rendered in the case, and that the relator’s application should be denied.
In order to determine properly the question thus presented, it is. essential to ascertain the nature and character of the decree rendered.
It is clear that the decree is either an interlocutory or a final adjudication. It can not be both. It must be either. As it is not. the former it is the latter.
The question raised by the plea of recusation, strictly does not appertain to the controversy between the litigants, and its determination can have no bearing on the issues presented by them, on the merits of the suit.
It does not grow from those issues directly or indirectly, although it arises and is presented in the progress of the case
*319 It is in the nature of a proceeding for contempt which, although it be taken in the course of the suit, does not form part of them, and is altogether independent from them. In re Wood, 30 An. 672.
An interlocutory judgment is one which does not decide on the merits. It.is either ancillary to, or executory of, the final and complete adjudication of the ease. O. P. 538.
A final judgment is that by which the right of the parties at issue' on the merits of the suit are adjudicated upon and which may acquire the force of res adjudícala. O. P. 539; 35 An. 505.
The matter at issue, on the plea of recusation, in no way relates to the persons of the litigants, or to any subject involved in the controversy between them. It affects not the court, whose jurisdiction is not attacked, but the judge of the court, whose competency is assailed on the ground of interest. Whether the plea is well or ill-founded is a question which can in no manner influence the judgment on the merits of the litigation, or any subject growing out o£ the differences of the parties touching the same.
There is but one question raised, and it concerns the qualification" of the regular judge. A judgment on that issue can not be interlocutory, for such judgment would imply a final judgment in futuro.
As the question raised, when once decided, is no more to recur, it follows that the judgment on it would be and is a final judgment on that issue.
If it were an interlocutory decree, it would not be appealed from' suspensively for the reason that the execution of it would not work am irreparable injury, as, on an appeal from the final judgment in the' case, the ruling on the question of recusation could be revised, and, if found erroneous, would be avoided and the case remanded for other proceedings. Fields vs. Gagné, 33 An. 339.
From this standpoint the anomalous and, to some extent, appparently discordant views, expressed by the previous courts and the present one on kindred questions, can well be reconciled and harmonized.
While we consider it unnecessary to illustrate and establish this> conclusion, we think that it is proper to state that the decision of the: old court, in Jarreau vs. Ohoppin, 6 La. 133, is not authority to show that the refusal of the judge in that suit to transfer the case to- *320 another judge, he and the parish judge having recused themselves as having been of counsel, was viewed as an interlocutory decree from which a suspensive appeal could lie.
It was an exceptional case. The judge had not arbitrarily refused the transfer, but had declined the demand because there existed then no law authorizing it.
The Supreme Court did not hold that it was an interlocutory decree. It considered, on the contrary, that it was a final judgment, of which the party it aggrieved could complain, as its effect would be to tie up the litigation indefinitely. It thought that it was a judgment capable of working an injury, and that it could be reviewed on appeal. It declined to dismiss and maintained the appeal, holding, on the merits, that the issue presented a casus omissus, and affirming therefore the judgment appealed from.
The error of the District Judge consists in assimilating this case to one in which a plea to the jurisdiction of the court is filed. In this case no judgment could be rendered dismissing the suit, because of the competency of the judge, while in the case stated, that sort of judgment could be rendered.
It is therefore ordered and decreed that the restraining order herein made i/n limine be maintained, and that the alternative mandamus issued be made peremptory, and that accordingly the suspensive appeal asked be granted by the respondent judge ad hoc, on appellant’s complying with legal requirements.
Mr. Justice Poché recuses .himself.