Telle et al. vs. School Board et als.

## No. 11,007.

EDWIN TELLE ET AL. VS. THE SCHOOL BOARD OF ST. TAMMANY PARISH ET ALS.

44 365|
113 858|
44 365
e117 309

44 365
119 22

The residents and alleged tax payers in a township in whom is vested the title of the 16th section for the maintenance of the schools have the right to invoke the interposition of the court to annul a sale of this section.

Tender as a prerequisite to the suit can not be required. The price was not received by the plaintiffs.

No title passed to the adjudicatee of the property.

The amount should be returned by the authority by which it was received. In the meantime plaintiffs can prosecute their suit to have the sale annulled.

The general government donated the 16th sections to the townships and authorized their sale with the consent of the inhabitants residing within their respective limits.

The legislative department of the State, in compliance with the conditions of the grant, adopted laws requiring elections to be held to ascertain the will of a majority of the voters residing within the townships and providing certain prerequisites for the sale.

An election not having been held in the township, the return of the election not being sustained at all, the adjudication made was null.

The 16th section offered for sale should bring its appraised value, which can not be less than $1.25 per acre.

APPEAL from the Eighteenth District Court, Parish of St. Tammany. *Thompson, J.*

Chas. T. Madison for Plaintiffs and Appellees:

1. Sixteenth sections "*in place*" were donated by the United States government to the people of the township wherein they lie, and the question of their sale is remitted entirely to these people, and no power exists in any one to sell said land without the consent of said citizens expressed in the manner]prescribed by law. See[5th Statutes at Large, p. 600; R. S., Secs. 2957, 2958, 1313, 1314, 1315 and 1316.

2. Under charge of fraud in the administering of public property, and as the power of the State Auditor to sell 16th sections is derived from a vote of the residents of the township in which the section is situated, oral proof by these residents is admissible to show that their consent has never been obtained.

3. Tender, as a condition precedent of a suit in nullity of a judicial sale, is only necessary when the plaintiff is claiming for himself the property sold. What defendant has paid for it is presumably paid in such case for account of said plaintiff, and should be refunded by him.

   No tender can be made by plaintiffs who, as tax payers, sue for the nullity of public property unlawfully sold.

   The proportion or contribution of each co-plaintiff in the amount to be tendered could not be ascertained.

4. Tax payers have a standing in court to contest upon proper charges the validity of municipal acts and contracts under it, whenever its enforcement may increase the burden of taxation. 39 An. 107 and 710.

A petition of tax payers discloses a cause of action which charges that a municipal corporation has, in excess of its powers and in violation of mandatory and positive laws, disposed of public property committed to its care. See 39 An. 770 and 107.

School lands can not be sold for less than their appraised value, and the appraisement can never be less than one dollar and a quarter per acre. 14 An. 186

### J. Q. A. Fellows for Defendants and Appellants:

1. That where petitioners do not allege that they are residents of a particular township and had property and paid taxes therein they have no right to institute suit or stand in judgment to annul the sale of the 16th section of such township; that their allegation that they are residents of a certain ward, which may include such township will not suffice to give them a standing in court.

2. That if wrong has been done to the inhabitants of a township by the parish school board in a sale by it of the 16th section, it is the duty of the district attorney to prosecute the board, and his presence in any suit in reference thereto is essential, and for the judge of the court to instruct the grand jury in reference thereto. Act 225 of 1847, Sec. 34, p. 187.

3. That when a purchaser of property at public sale is *not* charged with complicity in frauds or irregularities by which the order of sale was obtained, nor any knowledge thereof, and when there are no indications of fraud or irregularity in the record, there is no cause of action shown against him.

4. A purchaser at a public sale for cash, who has paid the price of adjudication and received a deed to the property purchased, should have had tendered to him the price paid preliminary to the institution of the suit. Barelli vs. Gauche, 24 An. 324.

5. A party, whose title is attacked, acquired at a public, judicial or semi-judicial sale, on the ground of irregularities or fraud, by which the order of sale was obtained, can not be required to go behind the order of sale, unless there be a charge of fraud, brought home to him as a party thereto; that he is protected by the decree or order of sale, and is not bound to look beyond it. Succession of Pinnegar, 25 An. 55; Trezevant vs. Courtney, 23 An. 628; Burke vs. Tregue, 22 An. 629; Woods vs. Lee, 21 An. 505.

6. A survey preliminary to the sale of a 16th section is not required. Sec. 1313, R. S., excepts the 16th section. The return of the parish treasurer, whose duty was to have had the survey made, if one was necessary, and the payment of the cost of survey, is not overcome by witnesses living at a distance, who testify that they did not know a survey was made

7. Section 1315, R. S., refers to school lands belonging to the State, and does not apply to 16th sections, which are not lands belonging to the State, but to the township in which they are situated. There is no necessity of a resurvey of the 16th section preliminary to a sale.

8. There is no law fixing a limit as to quantity or size of parcels in the sale of the 16th sections. This sale was made in quarter sections.

9. In sale of lands surveyed by the United States, there is no other description as to lines and boundaries necessary than to designate the land by the section (or part of a section), township and range.

10. There is no other limit as to the price of 16th sections than that of appraisement. This land was sold for fifty cents an acre, the value fixed by three sworn

Telle et al. vs. School Board et als.

appraisers, and the highest price for which unimproved lands sold in the neighborhood; one (Sec. 9, adjoining) being seventy-five cents per acre, there could not be a rescission of sale beyond moiety.

11. Sixteenth section lands, scrip for such lands, seminary lands, Agricultural and Mechanical College lands, swamp lands, public improvements lands, and free school lands, are separate and distinct classes of lands and have had separate legislation for each, and the laws framed for the administration of the free school lands do not apply to any of the other classes of lands, and especially to the 16th sections.

12. The return of the justice of the peace who held the election is the best evidence of where and how and when the election was held. His return, a sworn officer of the law, can not be disproved, nor would such election be held invalid, if, after four years, parties who remembered with difficulty most transactions should say they did not vote, especially when no one of them could swear he lived in the township, nor that he was opposed to the sale or would have voted against the sale, had he been present at the election.

13. Telle, in 42 An. 1155, alleged Taylor had purchased this 16th section for himself (Telle). He can not now be permitted to set up the nullity of the sale.

14. The admissions of co-defendants of their own turpitude can not implicate the other defendant, when there is no intimation or knowledge on his part of their fraud.

The opinion of the court was delivered by

BREAUX, J. Plaintiffs sue to annul the sale of the 16th section of township 7, range 15 east, adjudicated to defendant Taylor, by the parish treasurer of St. Tammany parish, on the 17th day of December, 1887, for the sum of $250 cash. They charge fraud and allege non-compliance with legal requisites.

The school board joins the plaintiffs. The defendant filed an exception of no cause of action, and that petitioners had no right to stand in judgment. He also pleads a want of tender.

These exceptions were overruled.

The defendant Taylor in his answer sets up the validity of the sale.

Judgment was rendered against him, from which he prosecutes this appeal.

No evidence was introduced on the trial of the exceptions.

The District Judge having heard the testimony of the witnesses, on the merits—part of which related to the issues which had been raised by the overruled exceptions, decided that the alleged tax payers reside in said township.

The conclusion of the District Judge on an issue of fact will not be disturbed on appeal, where no error is shown and it appears correct. 37 An. 623. The names of at least two of the petitioners are on the list of voters, and, it is alleged, voted in favor of the said sale.

If they were residents of the township, and voted for the sale, they are to be considered as residents as alleged in the petition to have the sale annulled.

The illegal disposition of public property can be avoided or annulled at the instance of individual tax payers.

" The courts may be safely trusted to prevent the abuse of their process in such cases.''   Crampton vs. Zabriskie, 101 U. S. 601.

We will not maintain the plea of the want of tender.

The adjudicatee has placed the amount of his bid—less costs—in the treasury of the State.

The title of the land has not passed from the township to the said defendant.

Those applying for a decree annulling the sale have authority to stand in judgment.

They have not the least control over the price received.

The State is a trustee of the lands or of the proceeds of their sale.

When the lands are sold in compliance with law the amount is placed to the credit of the township, and the interest is applied to the maintenance of its schools.

If the title is not such as to divest the owner, the trustee holds the proceeds of the sale illegally; it should be returned to the purchaser.

The State, as an act of justice, should return the amount, and doubtless if application to the legislative department be made, authority for its return would be granted.

In the meantime we can not give sanction, even temporarily, to a sale that is null, by deciding that the defendant shall hold until the plaintiffs tender an amount which they have not received and for which they are not responsible.

## ON THE MERITS.

The sixteenth section should be sold in the manner directed by law, and in the apportionment of the interest paid by the State on the proceeds, each township is entitled to the interest on the sums arising from the sale of its school lands.

Act of Congress of the United States approved February 15, 1843, authorized the sales of lands previously reserved and appropriated for the use of schools within this State, and authorized the investment of the money arising from the sale thereof in some productive

fund, and the proceeds to be applied under the direction of the legislature to the support of the schools within the several townships for which they were reserved, and for no other purpose.

These lands are to be sold under this act with the consent of the inhabitants of the township.

This was made one of the conditions of the grant.

The right of the general government to dispose of these lands, as has been done, and of requiring compliance with the condition of the donation has never been denied.

In several decisions of the United States Supreme Court the right to require compliance has been recognized.

In conformity with the requirement by the government the State legislature, also, has adopted laws to govern in the disposition of these lands.

It is made the duty of the parish treasurers to take the sense of the inhabitants of the township whether or not any land donated by Congress for the use of schools shall be sold, and the proceeds invested as authorized.

Polls shall be opened at the most public places in the township after advertisement of thirty days.

The evidence satisfies us, as it did the District Judge, that no polls were opened and no election was held.

Witnesses whose names appear on the list of the names of voters, as having cast their votes at the election for the sale, declare that they did not vote.

Twelve names are on the list as having voted.

The witness at whose residence the election is returned as having been held declares that he saw no box and no ballots. Only two persons came. They did not vote, for no election was held, he says. The return of the justice of the peace that twelve persons voted is not sustained by the testimony of record. Evidence that required notice of the election was given is not satisfactorily shown. The law was not complied with. It was never contemplated that these lands should be disposed of without obtaining the consent of a majority of the voters after a compliance with the legal prerequisites.

Without an election the order to sell was void and the adjudication did not confer any rights.

In selling school lands a sale not authorized by an election is a nullity. The right to sell depends upon compliance with the statute.

24

The land was sold for less than $1.25 per acre.

Sec. 34 of Act. 321 of 1855 provides that in no case shall the land be adjudicated for less than $1.25 an acre. This act did not require an appraisement of school land before the sale.

Sec. 34 of said act makes provision for an appraisement.

In construing these two acts the court held "that the meaning of Sec. 34 is, that the land should bring its appraised value, but that in no case it should be appraised or sold for less than $1.25 an acre." School Directors vs. Coleman, 14 An. 186.

To the same effect is Sec. 2944 of the Revised Statutes.

In the case to which we have just referred the sale was annulled solely on the ground stated.

In the case under consideration the advertisement was not made as required; the election was not held, and the property was adjudicated for much less than the amount fixed by law.

Judgment affirmed at appellant's costs.