## No. 13,800.

### AUGUST BOSIO vs. W. C. PICTON.

#### SYLLABUS.

The relator and the respondent having entered into a compromise after the former's application for a writ of review had been filed and having no longer any interest in the litigation, the court is constrained to decline passing in an authoritative manner upon the question involved before the agreement of compromise.

A *certiorari* will issue to set aside or affirm a judgment only in case it involves an issue between the parties.

IN RE August Bosio applying for *certiorari*, or writ of review, to the Court of Appeals, Parish of Orleans, State of Louisiana.

---

*Nicholas Eugene Humphrey, George Montgomery* and *Conrad G. Collins,* for Applicant.

---

*Paul Louis Fourchy,* for Picton, Defendant.

---

The opinion of the court was delivered by

BREAUX, J. The question is exclusively one of law, and as propounded reads:

Is the salary of a clerk in the employ of a railroad company exempt from seizure?

After having examined the points involved, we found among the papers a statement addressed to this court setting forth that plaintiff and defendant, since their application for this writ was

filed, have amicably adjusted their differences and have no actual interest in the issues presented, but they left open the question as to the correctness of the interpretation of the case of Moll vs. Sbisa, 51 Ann. 290, as made by the Court of Appeal.

The case was submitted for such action as deemed proper by the court. If the statement in question had been filed before the Court of Appeal, while the case was pending before that court, immediately after the filing, it would have had no jurisdiction, as there would have been no moneyed demand involved. The statement having been filed before this court, the result is the same. If we were to entertain jurisdiction, it would not be a jurisdiction over any substantial right. We would not reverse or affirm any judgment covering an interest.

Adjustments, agreements of accommodation, and compromises, when fairly made, always recommend themselves to the court. In this instance, had no agreement been arrived at, it would have been best, as we would then have expressly and authoratively passed upon a question which, in the interest of all, we think should be settled, and possible error in interpretation be·set at right.

With the light before us, we are inclined to decide that the last legislative utterance is complete on the point involved and that recompense for personal services (such as that rendered in this suit) is not exempt; that Act 80 of 1876 amending the C. P. controls and repeals Article — of the Civil Code relating to "personal services;" upon this subject Moll vs. Sbisa, 51 Ann. 290, in so far as it may he thought that it holds a contrary view, if it does, is *obiter,* and that salary for services as clerk and other personal services are not exempt. But we are constrained to leave the question open for final decision until it is brought up between parties with substantial adverse interests.

For these reasons, the rule *nisi* issued in this case is recalled and annulled. It is now ordered that the petition for *certiorari* and review be dismissed.