No 3443.

(Court of Appeal, Parish of Orleans.)

MRS. EUNICE J. ROSS vs. SIMON U. ROSENTHAL.

1.  Article 644 C. P. relates to exemptions from seizure under the writ of *fieri facias* only, whereas Article 2705 R. C. C. has exclusive reference to the exemptions from the operation of the lessor's privilege.
2.  The Act of 1876, No. 79 was intended to be a substitute for C. P. 644 and all the amendments thereto, but it does not repeal R. C. C. 2705 which treats of a different matter, and is neither inconsistent with nor contrary to the Act.
3.  Where two statutes may be reconciled and allowed to co-exist, each operative within its own sphere, repeal by implication will not be presumed.
4.  Our conclusion is that, under existing law, a piano on the leased premises is subject to the lessor's right of pledge.

Appeal from Civil District Court, Division D.

B. R. Forman, for plaintiff and appellee.

Dart & Kernan, for defendant and appellant.

DUFOUR, J.   This controversy between a lessor and a lessee presents two questions for consideration, one of fact, and one of law.

The defendant leased a house to the plaintiff under the belief that she was a feme sole; falling behind in her rent, she begged for a cancellation of the lease.

This was granted, as well as the privilege of removing the furniture.   The point in dispute between them is as to a piano left on the leased premises, which, the defendant swears was left in his hands as security for the unpaid rent, and which according to plaintiff's version, the defendant, in violation of his agreement, refused to allow her remove it.   The District Judge wrote no opinion informing us of his conclusion as to the credibility of the two witnesses.   The matter is therefore one of appreciation of evidence, and the facts that the defendant cancelled the lease, allowed the removal of all the other movables, and retained the piano only as sufficient security for the back rent due him, are strongly corroborative of his testimony as to the agreement that was made.

We shall therefore assume that the case must be decided on the question of law suggested by the plaintiff, that the piano is ex-

203

empt from seizure or detention on the part of the lessor by Act 79 of 1876, entitled "An Act to amend Article 644 C. P. to repeal all laws contrary to or in conflict with this Act, and all laws on the same subject matter, the amendment of Article 644."

The point urged is that Art. 2705 R. C. C. is thereby repealed.

Article 644 C. P. is found under the head of "execution of judgments" and the sub-head " of the writ of fieri facias," and the exemptions it confers are therefore intended to apply to that method of execution of judgment.

Article 2705 R. C. C. is under the head of "lease" and gives to the lessor a right of pledge on the movables on the leased premises with certain exceptions among which pianos are not included. This right, under Art. 3218 is of a higher nature than a mere privilege and enables the lessor to take the effects themselves and retain them until he is paid. Articles 644 C. P. and 2705 R. C. C. are not on the same subject matter, "and the Code of Practice was framed exclusively with a view to judicial proceedings, and its provisions on the subject of general laws do not necessarily repeal those of the Civil Code that are contrary to, or inconsistent with them." Ellis vs. Prevost, 13 La. 237. As we said in Benton vs. Jarrett, No. 2136 of our docket, in which the Supreme Court denied a writ of review:

"In our view, the Article of the Code of Practice relates to exemptions from seizure under the writ of *fieri facias* only whereas the Article of the Civil Code has exclusive reference to exemptions from the operation of the lessor's privilege," consequently neither the Act of 1872, 1874 or 1876 have any direct bearing upon that Article of the R. C. C. * * * It (the Act of 1876) did repeal the Acts of 1872 and 1874, and was intended to be a substitute for C. P. 644 and all the amendments thereto, but R. C. C. 2705, being paramount, and treating of a different subject matter was not interfered with.

Further investigation and reflection have strengthened our original view.

Reliance is placed by the plaintiff on that portion of Act No. 79 of 1876 providing "that all laws and parts of laws conflicting with this Act or contrary to its provisions be and are hereby repealed."

Act 39 of 1872 simply amended Art. 644 and contained no repealing clause, but Act 17 of 1874 declared "that all laws conflicting with this Act are hereby repealed."

Commenting on the effect of these Acts, the Supreme Court, in Stewart vs. Lacoume, 30 An. 157, said:

"That is evident that the exemptions of property from seizure provided for by Art. 644 C. P. and by the Acts of 1872 and 1874, do not apply in favor of lessees as against their lessors."

It necessarily follows that if, by this judicial utterance, the Acts of 1872 and 1874 did not repeal Art. 2705 R. C. C., by parity of reasoning, the Act of 1876 does not, when it is considered that the last two amendatory statutes contain substantially the same repealing clause. The confusion which seems to prevail on this subject is probably due to a misapprehension as to the real significance of the decisions in Moll vs. Sbisa, 51 An. 290 and Bossio vs. Picton, 106 La. 248.

In the first case we held that a Recorder's clerk is a public officer whose salary could not be seized, and, the Supreme Court, after adopting our opinion in its entirety, added that Art. 1992 R. C. C. was still in force and that, under its terms, the salary was exempt also "as the wages or recompense for personal services."

In the second case, although the matter had been compromised and hence could not receive authoritative decision, the Supreme Court, in the interest of all, took occasion to express its views as follows :

"We are inclined to decide that Act 79 of 1876 amending the C. P. controls and repeals Article 1992 C. C. relating to personal services; upon this subject Moll vs. Sbisa, 51 An. 290, in so far that it may be thought that it holds a contrary view, if it does, is obiter, and that salary for services as clerk and other personal services are not exempt."

The difference between that case and this is marked and the former does not militate in the slightest degree against the views we have expressed. The reason is obvious and cannot be misunderstood.

The Act of 1874 amended the Act of 1872 so as to make Art. 644 C. P. "correspond with Art. 1992 R. C. C." and gave a list of the exemptions contained in both the Act and the Article. By the legislative fusion both became practically one law, and both were therefore repealed by the amendment of 1876 which, under its repealing clause became the sole successor of the Art. 644 C. P. as originally framed, and the sole legislative declaration as to what may not be seized under a writ of *fieri facias*.

For the foregoing reasons, we find nothing which, expressly or by implication, directly or indirectly, suggests that the legislation we have reviewed can affect the reciprocal rights of lessor and lessee under the terms of Art. 2705 R. C. C.

There can be no personal judgment against plaintiff who is shown to have been married when she made the contract, as asked for in their reconventional demand, but no reason is shown why her furniture on the leased premises should not be liable for the rent.

Judgment reversed and plaintiff's demand is rejected at her

205

costs in both Courts, and defendant's reconventional demand is sustained by allowing him to retain under the lessor's privilege the piano in controversy until the payment of the rent due him and claimed in his reconventional demand.

May 2, 1904.

Rehearing refused May 30. 1904.

Writ denied by Supreme Court June 30th, 1904.