We have arrived at the conclusion that the judgment is legal.

It is therefore ordered, adjudged, and decreed that the judgment is affirmed.

========

(41 South. 583.)

No. 16,040.

BOARD OF DIRECTORS OF PARISH OF LIVINGSTON v. LANIER et al.

(June 4, 1906. Rehearing Denied June 23, 1906.)

PUBLIC LANDS—SALE OF SCHOOL LANDS—MINIMUM PRICE.

Act No. 239, p. 239, of 1857, fixing at $1.25 per acre the minimum price at which public school lands may be sold, is superseded by the Revised Statutes of 1870, section 2960 of which prescribed the manner, terms, and conditions of the sale of such lands, and says

nothing of a minimum price, and the repealing clause of which repeals "all laws on the same subject-matter."

Breaux, C. J., dissenting.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Clay Elliott, Judge.

Action by the board of directors of the parish of Livingston against J. S. Lanier and Malissa Lanier, warrantor. Judgment for plaintiffs, and defendants appeal. Reversed, and suit dismissed.

Stephen Dudley Ellis, for appellants. Bolivar Edwards Kemp, for appellees.

PROVOSTY, J. This suit is brought by the school board of the parish of Livingston, to set aside a sale, made on the 13th of December, 1887, of a certain tract of public school land, described as follows: the E. ½ of the N. E. ¼ and the N. E. ¼ of the S. E. ¼ of section 16, township 5 S., range 4 E. The sole ground of nullity is that the sale was made for less than $1.25 per acre.

The first act providing for the sale of school lands was act No. 321, p. 422, of 1855. Its section 34 (page 430) prescribed the manner of selling the lands, and fixed the minimum price of $1.25. It was silent in regard to the making of an appraisement. It was followed by Act No. 239, p. 239, of 1857, entitled "An act to amend and re-enact sections 16 and 34 of Act 321 of 1855." This amending act required an appraisement to be made, and preserved the minimum price of $1.25; but said nothing as to whether the property might, or not, be sold for less than the appraisement. In the case of School Directors v. Coleman, 14 La. Ann. 186, a sale made on the 21st of November, 1857, was set aside, because it had brought less than the appraisement. The next act was that of 1858 (No. 267, p. 185), entitled "An act to amend and re-enact sections 16 and 34 of Act 321 of

1855." The next and last was Rev. St. 1870, §§ 1316, 2960, embodying this act of 1858, as being the law prescribing, as indicated by the marginal note, the "manner, terms, and conditions of the sale of school lands." Its requirement is that the land be appraised, and be sold to the highest bidder. No mention is made of a minimum price.

The act of 1858 makes no reference to the act of 1857, and plaintiff contends that it does not repeal it, and that the latter act, fixing the minimum price at $1.25, remains in full force. Perhaps this might be true, if the act of 1858 stood alone. Its repealing clause repealed only conflicting laws; not also those on the same subject-matter. But the repealing clause of the Revised Statutes repealed "all laws and parts of laws on the same subject-matter." This, certainly, had the effect of repealing the act of 1857, which unquestionably was on the same subject-matter, namely, prescribing the manner and form of the sale of these school lands.

Indeed, the very purpose of revising the statutes is to winnow the mass of them that accumulates in the course of years, and separate the chaff from the grain, do away with the obsolete, and retain those still in force. Hence, section 2936, Rev. St., which prescribes in minute detail the manner of proceeding in selling school lands, must be held to be the governing law on the subject, and a safe guide to follow.

In Telle v. School Board, 44 La. Ann. 365, 10 South. 801, the attention of the court does not seem to have been called to the act of 1858, and to the repealing clause of the Revised Statutes.

Judgment set aside, suit dismissed, with costs in both courts.

BREAUX, C. J., dissents.

LAND, J., takes no part, not having been present at the argument.