HENRY L. HEYMAN

 VS         No. 8374

H. CROCHERON

*Defining who is a* _____

January 9th, 1922.

Court of Appeal
Parish of Orleans
FILED JAN 9/22
[signature]

HENRY L. HEYMAN

VS

H. CROCHERON

No. 8374

By Charles F. Claiborne, Judge, with concurrence of Judges' St. Paul and Dinkelspiel.

The defendant is a member of the Fire Department of the City of New Orleans. Plaintiff having garnisheed his salary, he pleads that *it is* exempt from seizure, both as a "public officer" and as a "laborer".

I. Admitting that a fireman's *salary is* ~~wages~~ are "money due for the salary of an officer" under Act 79 of 1876 p 123, or under Article 1992 (1987) of the Civil Code, or "salaries of office" under Article 647 of the Code of Practice, they are liable to seizure. Among the exemptions mentioned in the Act of 1876 was "money due for the salary of an office". In amending and reenacting this act, the Act 184 of 1918 p 347 omitted this phrase, and repealed "all laws or parts of laws conflicting with or contrary to the provisions of this act". The omission from said Act of 1918 of this particular exemption evidenced clearly the intention of repealing it. There are now, under Articles C. C. 1992 and C. P. 644 - 647, no other exemptions than those specifically mentioned in the Act of 1918. 8 Ct. App. 286, 228, 231; 106 La. 248; 6 La. 134; 12 A. 431; 13 A. 486; 116 La. 1090.

In State vs White, 49 A. 129, the Court said:
"It was only when the codifier had omitted some part of the old statute, that a repeal was to be admitted, and then only, as to the omitted provision".
In State vs. Brewer, 22 A. 275, the Court said:
"In the case of Levois vs Gerke, 12 A. 832, Mr. Justice Spofford, who concurred in the opinion which finally prevailed on rehearing, said: "In the case of Holmes vs Waltz (11 A. 439) we held that the repealing clause

(of the revisory legislation of 1855) only swept away
such anterior legislation upon the matter specifically
treated of in the new legislation as was not retained in
the latter.  In Stafford vs His Creditors, the new law
treated specifically of the penalty for a fradulent bank-
ruptcy, and we held that so much of the old law concerning
this penalty as was not retained in the new was repealed".
Also 117 La. 307.

The license Act of 1886 mentioned "saw mills" as the sub-
ject of a license.  The Act of 1890 on the same subject omitted
the word "saw mills"-; held: saw mills were exempt.  Barnard vs
Gall, 43 A. 959; 126 La. 489.

In Succession of Duprè, 116 La. 1093, the Court said:
"The rule is that where a statute purports to cover the
whole subject matter, it supersedes former laws on the
same subject matter"

quoting 134 U. S. 207; 36 Cyc 1083; 118 La. 248; 120 La. 535
(542); 126 La. 396; 133 La. 305.

"In case a statute is reenacted and some of the provisions
of the old law are omitted from the new, this constitutes
a repeal of the omitted provisions".

26 Am. & Eng. Enc. Law 735; 126 La. 392; 143 La. 39 (42); 142 La.
228; 11 Wall 493; 20 Wall 590.

An amendment "so as to read as follows"  repeals "so much
of the (former) act as is omitted (in the last act)".  36 Cyc 1083.

II.  A member of the Fire department of the City of New
Orleans is not a laborer, and his salary is not exempt from seiz-
ure.  His duties to  sweep and mop the engine house, to wash
glasses, to put hose out to dry, to shine up the engine and brass
pipes, are only incidents or accidents of his employment, and not
the purpose of his engagement.  The recompense he receives is
rather a "salary" than "wages".

A laborer is one who performs manual labor, menial or

physical exertion, labor or toil, not requiring special accuracy, knowledge, skill or training, and hence distinguished from an artisan, professional man, or skilled workman; one who performs with his hands the contract he makes with his employer; one who subsists by physical toil in distinction from one who lives by professional skill; one who works with his hands rather than with his head, a workman. 144 La. 917. Thus the fireman on a locomotive is a "laborer", but not the "engineer". 108 La. 512; 8 Ct. App. 227; 113 La. 778.

It is therefore ordered that the judgment herein maintained the seizure of defendant's wages is hereby affirmed.

January 9th, 1922.