LAND, J.
The judge of the district court in and for the parish of Calcasieu referred the question of his recusation to Hon. J. B. Lee, judge of an adjoining district. Relator applied for a writ of mandamus to compel Judge Lee to set down the motion to recuse Judge Miller for a hearing, and to proceed to try and dispose of said motion within a delay to be fixed by this court.
The respondent judge has filed a lengthy answer, verified by his affidavit, to the rule nisi, in which he sets forth the facts and circumstances which have prevented him from hitherto trying said motion of recusation. We make the following extracts from his answer, to wit:
“At no time have I ever, by word or act, sought to delay the trial of the issues of the recusation of the Honorable E. D. Miller. * * * I have never refused nor neglected to fix a date for the trial of the issues at bar, but have repeatedly sought the parties interested therein to fix some date whereby I .might arrange the terms of my court for the trial of the cases therein to meet the requests of the plaintiff in this matter.”
Respondent shows that his district consists of three large parishes, and that he presides as judge of the Court of Appeal in three other parishes, and that the pressure ■of court work has hitherto prevented him from fixing the motion for trial.
We appreciate the difficulties of the situation, especially when aggravated by the faitee of counsel to agree upon some day certain, that would suit the convenience of the respondent judge, for the trial of the motion. In the absence of such agreement, however, it becomes the duty of the appointed judge to go to the court in which the accused case is pending, and there try and determine the same, “as early as practicable or as the requirements of his district will permit.” Section 4, Act No. 40, p. 39, of 1880.
Respondent judge in his answer says that he informed relator that, if counsel could not agree on a date for trial of the motion, he would attempt to arrange the business of his district so as to fix a day certain for that purpose.
Respondent judge further says that, when notice of the application for a mandamus was served on him, “he was busily engaged with criminal court, with cases fix'ed for many days ahead.” He further alleged that from that time until the present time he has been continuously engaged in court, and it has been impossible to fix any date without seriously discommoding the .litigants of the district.
We are not prepared to say that the respondent judge has refused or neglected to perform the duties required of him by law relative to the trial of the motion to recuse. Code Prac. art. 838. We will say, however, that his duty to try said motion “as early as practicable” is statutory; and we hope that the arduous labors of his own judicial district will permit him at an early date to dispose of the motion of recusation, which stands as a bar to further proceedings in an important cause.
It is therefore ordered that the rule nisi be recalled, and that relator’s application be dismissed, with costs.