NICHOLLS, J.
Relator avers that the above-entitled suit was one instituted to have the defendant declared ineligible to hold the office of sheriff of the parish of Calcasieu.
That on the 16th of February, 1905, defendant filed a petition to recuse E. D. Miller, judge of said court, and on the 14th of February, the court referred said motion to recuse to J. B. Lee, judge of the Twelfth district court; he being designated to try said motion.
That relator had vainly endeavored to have said motion tried and determined by said judge. That in June he had applied for a mandamus to compel said judge to set down the motion for trial; but for reasons assigned the Supreme Court refused to order the mandamus, and recalled the rule nisi, and dismissed relator’s application. That said judge still neglected, delayed, and refused to try the motion, when relator on the 14th of November, 1905, suggesting that section 5 of Act No. 40, p. 39,- of 1880, provided
“That whenever any recused case for the trial of which a district judge has been appointed as provided in sections 2 and 3 of this act has not been tried in nine months from the date of the recusation, it shall be the duty of the district judge to order the transfer of such case to the district court of the nearest parish of an adjoining district, the judge of which is competent to try the cause, and it shall be the duty of the clerk to forward all the original papers with a copy of all orders rendered, and of the minutes of all the proceedings had in the cause, to the clerk of the court to which the case was transferred, there to be proceeded with according to law.
And. further suggesting that this cause had not been tried in nine months from the date of the recusation of the district judge for Calcasieu, and that said time had expired, and that said cause should be transferred to the Eighteenth district court for the parish of Acadia, being the nearest parish of an adjoining district, the judge of which was competent to try the cause, moved the court to order said cause to be transferred to said court, and that the clerk be ordered to transmit said cause, with all the papers therein, to the clerk of the district court of Acadia, there to be proceeded with according to law.
That Judge Lee, being of the opinion the time had expired, and that he had no jurisdiction or right in law to try said cause, or any question that might arise therein, and that the question of the transfer of the cause to an adjoining district should be made by the district judge of the said district (the Fifteenth district), refused to transfer the same as requested, and then and there severed his connection with the case, to which relator excepted, in so far as his jurisdiction or right to transfer the case, as provided in section 5, Act No. 40, p. 39, of 1880. That his said ruling and action were in violation of Ms duty.
In view of the premises, relator prayed that *384 a writ of mandamus issue to Judge Lee, ordering and commanding Mm to grant said motion and to order said cause transferred to the district court for Acadia, there to be proceeded with according to law.
The respondent judge, after stating the obstacles which have stood in the way of his disposing of the motion which he was directed to try, states that, when he did go to Lake Charles to do so, the acting district attorney by. written motion suggested that the nine months had expired during which that motion could be tried, and declared he would take no further action in the matter, or have nothing to do, except to request him (the respondent judge) to transfer the cause to the parish of Acadia, to be dealt with according to law. That in his own view of the law, he having been simply appointed to try an incidental question growing out of the case— that is to say, whether or not the district judge should be recused — and the fact being that he had not recused himself, except for the purpose of having that issue tried, and it being suggested that the time had expired in which that issue should have been tried, the respondent felt that he had no proper jurisdiction in the matter to transfer the cause, but it should be ordered by the district judge himself, if such order should be made as required by section 5 of Act No. 40, p. 39, of 1880.
Respondent averred his willingness to order such transfer, if the Supreme Court was of opinion that it was Ms duty to do so; but he suggested that the district attorney had not the right to dictate to him as to what parish was the nearest or as to what judge should try the issue, that being a matter left to his own judicial discretion. He prayed that the rule nisi be discharged and relat- ’ or’s application be dismissed.
The acting district attorney was in error in supposing that, because nine months had elapsed from the date of the appointment of respondent to try the issue as to whether the district judge should be recused or not, the matter passed out of the latter’s hands and the cause should be transferred at once to another parish. The nine. months referred to commence to run, as appears by the express language of the statute “from the date of the recusation.” In this case there has been as yet “no order of recusation.” That is a matter still open for decision, and the very question which the respondent judge was called upon to try. So far from the nine months having expired, they have not yet commenced to run. The law does not say that, if from some cause the respondent judge should be unable to try the issue of “recusation vel non,” the cause should be sent to another parish; non constat, but that the issue would be decided against the recusation, and in that event - the cause would remain to be tried in the parish of Calcasieu.
The district attorney should have proceeded to try the question of recusation when the respondent judge went to Calcasieu for that purpose, and not have declined to take any action. The question of recusation referred for decision to the respondent judge is still in his hands, and it is his right and his duty to take action under section 4 of the act of 1880, and it will be the duty of the acting-district attorney to try that issue on the day for which it is fixed for trial. The respondent judge has not refused to perform any duty which the law imposed upon him.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the orders hereinbefore granted be set aside, and that relator’s application for a mandamus be dismissed, at Ms costs.