MONROE J.
Relator alleges, in substance, that as acting district attorney he brought suit against David J. Reid to have him declared ineligible to the office of sheriff; that, on December —, 1905, the judge of the district court for the Eighteenth judicial district, in which the suit was brought, was recused, and Hon. J. B. Lee, judge of the district court for an adjoining district, was appointed in his stead; that, on January 12, 1907, he applied to Judge Lee to transfer said case, agreeably to section 5 of Act No. 40, p. 39, of 1880, which provides for the transfer of recused cases, if they are not tried within nine months from the date of the recusation ; that Judge Lee declined to make the transfer, on the ground that the delay had been suspended by an appeal, which ground, in the opinion of relator, is not well founded in law, wherefore he prays that a mandamus issue ordering the transfer. To this the *477 judge, made respondent, answers that he was appointed to try the case, vice the judge of the Eighteenth district court, recused, on Eebruary 3, 1906, and received notice of his appointment on Eebruary 6th, following; that on March 23d he proceeded to Lake Charles, heard and overruled certain exceptions, and allowed judgment by default to be entered; that on March 27th an exception of no cause of action was filed, in chambers, and on April 7th relator filed a supplemental petition; that on June 1st respondent again proceeded to Lake Charles (his time, in the meanwhile, being occupied with his own court); heard and sustained a motion to strike out the supplemental petition, maintained the exception of “no cause of action,” and dismissed the suit; and that relator appealed from the judgment so rendered, which appeal resulted in the reversal of said judgment, the overruling of the exception of no cause of action, and the remanding of the case. Respondent further answers that between the dates of the taking of the appeal and of the filing of the mandate of this court (on the -- day of • — -, 1907) the case was not within his control; and that on January 15, 1907 (which was as soon as he could do so) he proceeded to Lake Charles and ordered the case to be fixed for trial on Eebruary 18th. Further answering, he avers that, reasonably construed, the law relied on means that a recused case should be tried within nine months, or transferred, provided the judge to whom it has been assigned has the control necessary to try it; and he prays that this application be denied.
It appears that the respondent was appointed in 1905 to decide whether the judge of the Eighteenth district court should be recused, and that, in consequence of his failure to act, relator applied to this court for a mandamus to compel him to do so. In disposing of the matter, this court said (inter alia):
“Respondent judge in his answer says that, he informed relator that, if counsel could not agree on a .date for trial of the motion, he would attempt to arrange the business of his-district so as to fix a day certain for that purpose ; * * * that, when notice of the application for a mandamus was served on him, he was busily engaged in the criminal court, with eases fixed for many days ahead. He further-alleges that from that time until the present * * * he has been continuously engaged in court, and it has been impossible to fix any date without seriously discommoding the litigants of the district. We will not say that the respondent judge has refused or neglected to-perform the duties required of him by law relative to the trial of the motion to recuse. Code Prac. art. 838. We will say, however, that his duty to try said motion ‘as early as practicable’ is statutory; and we hope that the-arduous labors of his own judicial district will permit him at an early date to dispose of the-motion for recusation.” State ex rel. Stewart, Dist. Atty., v. Reid, 115 La. 196, 38 South. 963.
This judgment was handed down in June,. 1905, and thereafter, a delay of more than nine months having elapsed since the appointment of respondent (to try the question of recusation), relator again appeared before-this court, praying that respondent be ordered to transfer the matter to another judge. It was, however, held that the delay requiring such action begins to run only from the-date of the recusation, and the mandamus was refused. State ex rel. Stewart, Dist., Atty., v. Judge, 115 La. 739, 39 South. 998. On December 19, 1905, respondent rendered judgment recusing the judge of the Eighteenth district court, but remanding the case-to him “for the sole purpose of appointing a judge ad. hoc to try the same”; and relator, having applied for an appeal from the-judgment so rendered and the appeal having-been denied, applied to this court for a mandamus to compel the granting of the same, which was also denied in January, 1906. State ex rel. Stewart, Dist. Atty., v. Reid, 115 La. 959, 40 South. 369.
We are informed by the return that the-respondent was not notified of his appointment to try the recused case (on its merits) until Eebruary 7, 1906, and it appears that *479 ■on March 27th he acted therein, overruling ■certain exceptions and allowing judgment by default to be entered, after which he appears to have been unable to give further attention to it until June 1st, when he rendered judgment, maintaining an exception of no cause of action, and from the judgment ■so rendered relator appealed, with the result that on November 26, 1906, the judgment was reversed and the case remanded for trial ■on the merits.
It follows from this that, deducting the time during which the respondent was devested of jurisdiction by reason of the appeal, nine months have not elapsed since his appointment as judge ad hoe to try the case (the original appointment having been made merely for the purposes of the motion ■of recusation); but that, within that time, he heard and dismissed said case .upon an •exception of no cause of action, and that an appeal was taken from his judgment, which suspended further action on his part until November, 1900, or, perhaps, a little later.
Whether the exception, as such (having been filed after default), was properly entertained, or whether it should have been ordered to stand as an answer, is a question not here presented, and would, perhaps, be immaterial, since, even had an answer, or an amended answer, been filed, the judge might have found that, all the facts alleged being proved, relator was not entitled to .judgment. It can hardly he denied, however, that there was a trial, and that fact remains, though the judgment in which the trial resulted was reversed by this court and the ■ease remanded for further proceedings.
If, as relator suggests, it should again he •dismissed upon exception, it is to be presumid that such a result will be reached agreeably to the provisions of our law regulating the trial of such cases. We may remark, in conclusion, that it seems to us deplorable that a case involving a matter of so much public concern as the eligibility of the sheriff of one of the largest and wealthiest parishes in the state, and which the lawmaker has thought proper to say shall be tried by the judge ad hoc “as early as possible, or as the requirements of his duties may permit,” should not have been finally disposed of within a delay of nearly two years from the date of its institution; but, for the reasons stated, we are unable to grant the relief prayed for.
It is therefore ordered, adjudged, and decreed that the application of the relator he denied, and this proceeding dismissed, at his cost.