MONROE, J.
Relator alleges that at his instance his uncle, Jabez Bunting Watkins was interdicted, and that he (relator) was appointed administrator pro tempore of his estate; that the judge of the district court, ignoring his rights, convoked a family meeting to advise with regard to the appointment of a curator, and that the family meeting recommended the appointment of the Commercial Germania Trust & Savings Bank Company of New Orleans; that relator opposed the homologation of the proceedings and moved to recuse the judge in the matter of said opposition, on the ground that he had appeared before the family meeting and “advised them of their duties and what he believed to be the law in this case,” and had stated “that the curatorship was a dative one and that they could appoint a nonresident”; that, over the objections of relator, the judge appointed A. R. Mitchell, a member of the bar and resident of the parish, judge ad hoc to hear and determine said motion, and that said Mitchell, after hearing, overruled the-same; that relator thereupon moved for an appeal, suspensive and devolutive, from said judgment and that the suspensive appeal was denied. Wherefore he prays that writs of certiorari and mandamus issue, and that said judge ad hoc be commanded to grant the suspensive appeal as prayed for. Among the exhibits attached to the petition are certain excerpts from the minutes of the court, from which it appears that the ruling of the judge-ad hoc was based, in a general way, on Civ. Code, art. 395, which provides that “every judgment by which an interdiction is pronounced shall be provisionally executed notwithstanding an appeal”; the learned judge being of opinion that the rule thus established should be applied to the judgment in question. We concur in this view. Civ. Code, art. 404 et seq., regulate the time and manner-in which the curator of an interdict shall be appointed, and Code Prae. art. 580, provides, that “some judgments, however, are executed provisionally, although an appeal has been taken from the same within the delay prescribed, and the necessary surety given. Such judgments relate: (1) To the nomination of tutors and curators of minors, of persons absent or interdicted, and of vacant successions. (2) To the appointment of syndics of creditors, when the court orders that they shall administer provisionally.” If, therefore, the final judgment, appointing the curator, or, rather, if any judgment relating to-the appointment of the curator, is to be executed provisionally, it follows, we think, that a judgment upon the issue of the recusation vel non of the judge to whom the question of the appointment is presented must fall under the same rule. The case is distinguished from that of State ex rel. Stewart v. Reid, 115 La. 959, 40 South. 369, and from that of State ex rel. Poche v. Judge, 42 La. Ann. *1020 319, 7 South. 586, in that we are here dealing with a judgment which, under the law, is to •he provisionally executed notwithstanding the appeal, and from which, therefore, no suspensive appeal lies.
The writs prayed for are accordingly ■denied.