Martin,„kF.
delivered the opinion of the court. This^caUse is brought on two promissory notes of an equal sum, amounting together to dollars, payable to the plaintiff sixty days after date. They are of the 8th and 18th of January, 1801. %
*288 Ma bis no of it,1 Further? an agreem ans^epiij .the i fa th<i f5 th of ie Jrefendant the sum ’and discharge ■ wasglIPpjiffed by the plaintiff. »⅜ on day, in pursuance of y the defendant with bis creditors, beTffféHTnotary public, which is annexed to the answer, he delivered to W. & J. Montgomery, the plaintiff’s agents, his notes for ⅜111 75, payable nine months after date, endorsed by Deshon & Allen, which were received by them, according to the aforesaid agreement, in full payment and satisfaction and discharge of the two notes now sued upon, which said note has since been paid.
A few days after, the defendant filed plea, viz. — that W. & J. Montgo.nerjg^rere the owners and proprietors of the afcMpaid notes, on the 15th of March, 18M,Kd the di fendant made the aforesaid agreafeent wi them and they received the note for annexed to the answer, in fall paylhii^tatid discharge off those now sued upon. ^^ j ⅜ «afTher
There was a verdict and judgment for S335 35, for the piaaitiff, and the defendant appealed.
*289 The <cas@' is! statement an‘3 |lowing ⅞⅜'
J. MoibsomeT ont-⅛⅜⅝.;, ' ' ófscnient at the time ⅞%<1 after the gomery w ere the; of the notes annexed to'fffo they became payable, ’and 15th of March, 1811. They \vere duly protests ed. The small note, annexed to the answer, was received, according to the agreement between the defendant and his creditors, and it was afterwards paid. This agreement was signed by W. & J. Montgomery.
While the cause was on trial, the plaintiff’s counsel asked J. Montgomery, a w itness for the defendant, whether his house had received the remaining three fourths of the amount of the notes in suit, from the plaintiff. The defendant objected to the question and the objection being sustained by the court, the plaintiff’s counsel took a bill.of exceptions.
The plaintiff offered to prove, by witnesses, that several persons, who were creditors of the defendant in March, 1811, and remaining so till the 15th of May following, resided in New-Orleans, and did not sign the agreement-between him and his creditors. This was objected to by the defendant’s counsel, and the objection sustained by the court, and the plain *290 tiff took a bill, {^ exceptions. The court ⅛ . . . ■ ⅜-' \ . •• signing the bill „ expressed, as the reason for which the testimony was rejected, that none but creditors could impeach7 the agreement : and the plaintiff is not a creditor, the maker of the note having been discharged under the agreement.
In the charge to the jury, the court said that the plaintiff, not being a creditor of the defendant at the time, could not take advantage of any want of compliance, by the defendant, with any of the stipulations of the agreement, and that the act of W. & J. Montgomery in receiving the note for one fourth of the debt was of itself a presumptive evidence, and wanted nothing further to effect a discharge of the drawer, and of course of all the endorsers. The plaintiff’s counsel took a bill of exceptions to this part of the charge.
As the plaintiff did not appeal, there is no necessity of examining the opinion of the judge, which he excepted to, before we consider ihe case on its merits, and not even then unless the judgment of the district court be reversed.
The plaintiff’s original cause of action, charged. in the petition, is not denied; but the defendant contends that the action has been extinguished : first, because the plaintiff received *291 another note in full discharge, satisfaction and: payment of the two original ones. The same plea is repeated in the answer under another form, viz. that W. & J. Montgomery, the plaintiff’s agents, did receive, &c. A further and last plea followed, by which the two former appear abandoned, and the case put on another issue, viz. that W. & J. Montgomery were the owner* of the notes on the 15th of May by endorsement, &c. If this he proven, the plaintiff is without interest, and cannot recover: for the Montgomery s cannot be the owners of the notes in this manner, unless the plaintiff, the original payee, endorsed them, and so parted with bis original interest; and he cannot have any claim, unless the notes were either endorsed back to him, or he paid their amount, on the failure of the defendant.
The latter plea is inconsistent with the former, in which the Montgomerys, are said to have been the holders of the uotes, as agents, and in the right of the plaintiff. The permission to file this plea must be considered as a permission to withdraw the former, with which it is inconsistent.
The latter is proven by the testimony of J. Montgomery, who says that the firm were holder* by indorsement. If so, they had the legal *292 to the amount, ..and nothing sheWsthdt the plaintiff had retained' the equitable one. -i
The judgment of, the, district court is there-fote annulled, avoided and reversed.
It remains for us to inquire whether the district court ought to have given judgment for the defendant or dismissed the plaintiff’s petition.
This must he, preceded by an inquiry, whether the plaintiff has been ..permitted to produce all the legal evidence which he has presented, in other words by an examination of the bills of exceptions.
If the plaintiff shew that he paid the remaining three fourths of the amount of the notes which he had endorsed to the Montgomerys, he \yill have the right of,shewing that several persons, creditors of the defendant in March 1811, remaining so lili the 15th of May following, resided in Xew-Orleans, and did not sign the agreement.
The same observations apply to the part of the charge excepted to.
It is, therefore, ordered, adjudged and decreed that the case be remanded for a new trial, with directions to allow the plaintiff to prove the payment to the Montgomerys ; oo hisdoinig. so to Trove that there were credithrs of the de *293 fendant, residing in' New-Orleans* who did not sign the agreement between him and bis credit tors ; and in such a case, that the court conform the part of the charge excepted to, to the prim ciplés expressed in this opinion j and-it is order? ed that the costs of the appeal be borne by the defendant and appellant;
Morse, for the plaintiff. Wilson fortHe defendant.