PANDELLY
*v.*
HIS CREDITORS

---

## POWELL v. KELLAR.

No appeal will lie from an order of a court, to which a case had been transferred for the purpose of being cumulated with other proceedings, directing its re-transfer, on the ground of the illegality of the original removal. The order is an interlocutory one, and works no irreparable injury.

APPEAL from the District Court of the First District, *Buchanan*, J. *F. B. Conrad*, for the plaintiff, moved to dismiss the appeal on the ground that the judgment was one from which no appeal could lie, being interlocutory, and working no irreparable injury.

*Hoffman*, for the appellant, contended that the appeal should be sustained, having been taken from a judgment declining to take jurisdiction of the case.

The opinion of the court was delivered by

SLIDELL, J. *Powell* brought suit against *Kellar* in the Commercial Court. *Kellar* denied *Powell's* claim, and filed a plea in reconvention against *Powell*. The cause having been tried, and a verdict rendered in favor of *Powell*, *Kellar* took an appeal. Pending this appeal, *Powell* transferred all his rights and interest in the judgment against *Kellar*, to the New Orleans Canal and Banking Company; and, on the 5th of August, 1841, an order was entered of record in the cause, upon filing and suggesting the notarial act of transfer, subrogating the bank to the judgment, and to all the rights, privileges, etc., which *Powell* possessed against *Kellar*, in virtue of said judgment. On the appeal this court reversed the judgment, and remanded the cause for a new trial.

Soon after the cause was remanded, *Powell* made a cession of his property to his creditors, in the First Judicial District Court, and the usual order, staying proceedings, etc., was granted.

| 1 | 25 |
| 115 | 961 |

La Ann
| 1 | 25 |
| 125 | 680 |

POWELL
v.
KELLAR.

Subsequently, the attorney of *Kellar* appeared for him in the Commercial Court, contradictorily with the counsel of plaintiff, and upon suggestion of the failure of *Powell* in the District Court, it was moved and thereupon ordered by the Commercial Court, that the cause be transferred to the District Court. The order does not state what was to be done with the cause in the District Court; but we presume the intention was, that it should be cumulated with the proceedings in the matter of the cession of *Powell.*

After the record was thus transferred to the District Court, the bank filed an exception to the jurisdiction of the District Court, pleading the nullity of the order of tranfer, and praying that the cause be re-transferred to the Commercial Court.

The District Court sustained the plea, and ordered the re-transfer.

From this decree of the District Court, *Kellar* has appealed.

The counsel for the appellee contends that the decree of the District Court was not appealable, being an interlocutory decree, and not working an irreparable injury. We think the objection well taken, and accordingly must dismiss the appeal. Had the Commercial Court refused to resume the consideration of the cause, we would, on an application in proper form to this court, have granted a mandamus, commanding the Commercial Court to proceed to try and adjudge the cause. C. P. 837.

*Appeal dismissed.*