Fields, Tutrix, vs. Gagne and Wife.

---

## No. 8139.

### WIDOW JOHN FIELDS, TUTRIX, vs. JOSEPH A. GAGNÉ AND WIFE.

The order of a District judge recusing himself and directing a case to be tried by the judge of an adjoining District, instead of by an attorney of the bar as judge *ad hoc*, is an interlocutory decree, which can cause no irreparable injury and from which, therefore, no appeal lies.

The consent of both Appellant and Appellee cannot vest this Court with jurisdiction.

APPEAL from the Nineteenth Judicial District Court, parish of Terrebonne. *Goode*, J.

*Winder & Armitage* and *Walter Guion* for Plaintiff and Appellee.

*L. F. Suthon* and *Jno. B. Winder* for Defendants and Appellants :

An order of recusation works such an irreparable injury as entitles a party to appeal. 5 M. O. S., p. 293 ; 6 M. O. S., p. 130,

Where the record shows that the judge is only professionally, and not personally interested, the matter should be tried by a lawyer of the district, and not by the judge of an adjoining district. Sec. 3, Act No. 8, 1880.

The opinion of the Court was delivered by

POCHÉ, J. The District Judge having recused himself in this case,

on his own motion, on the ground of personal interest, defendants have taken a suspensive appeal from the order of recusation, from a decree overruling their motion to vacate said order, and from a decree overruling their motion to refer the trial of the cause to an attorney of that Bar, instead of the judge of an adjoining district as directed in the order of recusation.

The right to appeal from such interlocutory decrees presents itself at the threshold of the case, and must be denied.

In order to test the question, the three orders or decrees complained of must be considered together, as forming but one subject matter, to be disposed of by the same reasoning.

Eager for a decision of his case on the merits, appellee's counsel waives his well founded objections to his opponents' rights of appeal, and urges us to overlook them, and to pass on the merits of the orders complained of. But reason, law and authority dictate a different course, and prohibit our interference in the case at this stage. Consent cannot give jurisdiction, when not vested by law. As the order of recusation made by the District Judge, as well as his rulings on defendants' motion to which they have reserved bills of exception, are proper subject for review by this Court on appeal from the final judgment in the case, they cannot be said to work irreparable injury to either party, and are, therefore, not appealable at this stage of the proceedings.

The right to appeal from an interlocutory judgment rests on the irreparable character of the injury which either party may sustain thereby.

But if the interlocutory decree complained of, pregnant though it may be with consequences to either party, is of such a nature as to be covered by the appeal from the final judgment, and if the decree of the appellate court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and, therefore, the right of appeal does not exist. C. P. Art. 566.

If on appeal from a final judgment in this case, it should appear that these rulings of the judge were erroneous, and that in consequence the case had been tried by an incompetent judge, his judgment will be set aside, the order of recusation will be overruled and annulled, and the cause remanded for trial according to law; and then the parties will be in the same position which they held previous to the erroneous orders, and thus all injuries sustained will have been repaired; therefore, they are not irreparable.

Appellants complain with great earnestness of the long delay which

will be thus caused, and of the great inconvenience which they would suffer by this circuitous mode of obtaining redress.

They are doubtless correct, but this cannot justify our interference, when it is apparent that they can be relieved on a final judgment.

Mere delay and inconvenience are not such grievances as to justify us in maintaining an appeal, not conferred by law. 31 An. 47; 3 N. S. 25; C. P. Art. 566.

It is, therefore, ordered that this appeal be dismissed at appellants' costs.