BREAUX, C. J.
The complaint of relator for a mandamus is that he is denied a suspensive, or, in the alternative, a devolutive, appeal.
The judgment from which he asks to be permitted to appeal was rendered by Hon. J. B. Lee, judge of the Twelfth judicial district. •
A motion was made by defendant’s counsel for the recusation of Hon. E. D. Miller, judge , of the Fifteenth judicial district court for the parish of Calcasieu, in which parish the action of relator against the respondent was brought.
The application to recuse Judge Miller was referred by him to Judge Lee, appointed by him judge ad hoc. After having heard the evidence, the judge ad hoc rendered a judgment sustaining the application, and sent the case back to Hon. E. D. Miller for the purpose of his appointing a judge ad hoc to hear and decide the ease.
The relator complains of the judgment, on the ground that the evidence on the trial of this application to recuse was npt sufficient to sustain a judgment of recusation, and that in consequence the judgment rendered is erroneous and illegal. From this judgment recusing Judge Miller, the relator moved for an appeal.
The textual provisions of the rules of practice are that a person cast in a suit is entitled to an appeal from an interlocutory order when it works irreparable injury, and further, that the party cast is entitled to án appeal from a final judgment. Code Prac. art. 537.
The first question before us for decision is whether the order of recusation entered by Judge Lee was interlocutory and worked irreparable injury. As we read the decisions, it was not an interlocutory order which worked irreparable injury.
Very early in the history of Louisiana jurisprudence, there were decisions inclined to the view that it was an interlocutory order, and worked irreparable injury. Poydras v. Livingston, 5 Mart. (O. S.) 292. Annother ruling, however, was made subsequently.
It was held by this court that the order of recusation was not interlocutory, and was not appealable.
This was the view expressed in Jarreau v. Ohoppin, 6 La. 130 (different from that which *494 had. ■ been previously expressed). In this last cited case, it was held that a person whose applieationfor recusation is refused can appeal. On the other hand, that a person whose case is transferred cannot appeal.
In another ease, prior in date, to wit, Todd et al. v. Andrews, 3 Mart. (N. S.) 25, the appeal was from an order transferring a cause to a neighboring district, in consequence of the recusation of the judge. The court said that the transfer was not such irreparable injury as warranted an appeal, and announced the ruling to be that, wherever a party can be relieved on a final judgment, the grievance is not such as requires the aid of this court at an early period.
The following decisions are also to the same effect. Powell v. Kellar, 1 La. Ann. 25; Pooley, Nicol & Co. v. J. Moorhouse, 13 La. Ann. 300.
In order to follow the discussion, it is necessary to keep in mind the difference between an order of recusation granted and an order of recusation refused. This court has decided that, while no appeal lies from an order of the judge recusing himself, one will lie from an order refusing to recuse himself. Fields v.. Gangé, 33 La. Ann. 339.
' In another decision still it was held that an order transferring a case to another judge was not appealable, but that it was appealaDle if the order of transfer had been denied. State ex rel. Fontelieu v. Judge, 31 La. Ann. 47.
In the last case cited supra, 33 La. Ann. 330, the court decided that the order was interlocutory; that it might give rise to delay, but that delay did not give rise to a right of appeal.
The relator, in support of his application, calls our attention to the case of State ex rel. Poche v. Judge of Twenty-Sixth District, 42 La. Ann. 317, 7 South. 586. In the last cited case, the complaint was that the defendant judge had refused to grant a suspensive appeal from a judgment rendered by him as judge ad hoc overruling a plea of recusation. This case (42 La. Ann. 317, 7 South. 586) is different from the ease before us for decision, in that the plea of recusation was overruled.
The ease in 42 La. Ann. 317, 7 South. 586, falls within the terms of the cited opinions, and was appealable. 'It would have been, different had the point been decided as in the pending case, recusing the judge of the first instance. The court held, in 42 La. Ann 317, 7 South. 586, thatthe judgment was not interlocutory, but final. The court said, in substance, if it were an interlocutory decree, as where the order refuses the recusation, it would not be appealable from suspensively, for the reason that the execution of it would not work an irreparable injury. The court further said that on the appeal from a final judgment in the case — that is, in case the order is interlocutory and works only delay, the ruling on the question of recusation could be revised on appeal, and if found erroneous would be avoided, and the case remanded for other proceedings. In support of this view, the ease of Fields v. Gagné, 33 La. Ann. 339, was cited as one in which the decree had been held as interlocutory. It only involved some delay, said the court. The judge of original instance had not been recused. The remedy was by appeal on final determination of the case.
The court said, in the 42 La. Ann. 7 South case, referring to a similar case, to wit, the Jarreau Case, 6 La. 133, “that no'judgment could be rendered dismissing the suit on account of the incompetency of the judge, because the original judge had not been recused, while in the ease cited, 6 La., that sort of judgment could be rendered;” and for1 that reason it was thought that it was a judgment capable of working an irreparable injury; and that it could be reviewed on appeal.
We leave the case in 42 La. Ann. 317, 7 *495 South. 586, convinced that it was not the intention in the least to change jurisprudence as relates to an order of transfer denied.
There are a number of decisions touching the transfer of cases from the state courts to the United States courts, in which it was held that an appeal lies from a judgment transferring a case to the United States court; a different ruling from that which prevails in our court.
It occurred to us at first blush that perhaps these decisions sustained relator’s contention. On examination, we found that they had already been considered, and that discussion had taken a different view. The decisions to which we refer are cited in Garland’s Code of Practice, art. 565. See note (B) 7.
The following shows the views of our court upon this particular branch of the subject:
“There is a manifest reason,” said the court, “why an appeal should lie from an order transferring a cause from a state court to a United States court that does not hold good when the transfer is from one state court to another. In the former case, the state courts lose their jurisdiction entirely, and if an appeal were not permitted there would be no opportunity to ascertain or test the legality of the order. But in the latter case the appeal is eventually to this tribunal, and the order of removal comes up with the final judgment and is subject to our review. The danger is, therefore, not irreparable.” State ex rel. Fontelieu v. Judge, 31 La. Ann. 47.
Prom the foregoing, it will be seen that there is a long line of decisions holding that no appeal lies from an order recusing a judge. If it were res nova, our conclusion might be different. There being nothing of the first impression about the question, it having been settled by repeated decisions, it is now stare decisis and controlling as jurisprudence in which the rule was made. It is too thoroughly abetted to be changed.
An egregiously erroneous ruling on the subject of recusation in the court of original instance, or by a judge ad hoc passing upon the question, in all probability could be reached through the interposition of the supervisory jurisdiction of this court. It cannot thus be reached by appeal, because of a number of decisions holding against the right of appeal.
It is therefore ordered, adjudged, and decreed, for reasons stated, that the rule nisi which issued be recalled, and applicant’s prayer for mandamus dismissed.