(51 South. 684.)

No. 17,638.

SCHWING v. DUNLAP et al.

(Jan. 31, 1910. Rehearing Denied March 14, 1910.)

*(Syllabus by the Court.)*

1. JUDGMENT (§ 282*)—INTERLOCUTORY ORDER —SIGNING BY JUDGE.

A judgment overruling a motion for the recusation of a judge is merely an interlocutory order, and it is not necessary that the judge should sign it. Bossier v. Hollingsworth, 117 La. 222, 41 South. 553.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 282.*]

2. APPEAL AND ERROR (§§ 70, 870*)—INTERLOCUTORY ORDER—REVIEW:

Being merely an interlocutory order, a separate and independent appeal will not lie, even though the motion has been overruled, but the question of recusation will be referred to the merits and will be considered on the appeal on the merits.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. §§ 70, 870.*]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; H. F. Brunot, Judge ad hoc.

Action by Calvin K. Schwing against James E. Dunlap and John J. Holtgreve. Judgment for plaintiff, and defendants appeal. Dismissed.

See, also, 123 La. 485, 49 South. 134.

Walter Lemann and Edward N. Pugh & Son, for appellants. E. B. Talbot, Albin Provosty, Frederic P. Wilbert, and Paul G. Borron, for appellee.

BREAUX, C. J. The judge ad hoc, to wit, Hon. H. F. Brunot, appointed to decide whether or not Hon. L. B. Claiborne should be recused, overruled the motion made by defendants to recuse him. He sent the case back to be tried before Judge Claiborne.

He did not sign the judgment overruling the motion, although the proper entry in the minutes was made of the action of the court.

A suspensive appeal from this judgment was taken by the defendants.

In the motion to recuse Judge Claiborne, which Judge Brunot overruled, as before mentioned, defendants urged that Judge Claiborne was not competent to decide the case.

On the appeal to this court from the action of the judge ad hoc, refusing to recuse Judge Claiborne, defendants and appellants in the brief urged that their own appeal was prematurely taken, as one of their grounds; their other ground is that a suspensive appeal lies from a judgment overruling a motion to recuse.

It is in place to state here that the judgment which had not been signed has, since the appeal was taken, been signed by the judge ad hoc, nunc pro tunc.

It was subsequently filed in the clerk's office.

In any case, the judgment was interlocutory.

The signature of the judge was not neces

sary. See Bossier v. Hollingsworth, 117 La. 221, 41 South. 553.

State ex rel. Poche v. Judge, 42 La. Ann. 317, 7 South. 586, cited by defendants, is not pertinent. No necessity for such a signature was found in the cited case.

In considering the question whether an appeal lies from the order overruling the motion to recuse Judge Claiborne, we have reviewed the decisions upon the subject with result stated as follows:

The motion to recuse the judge. was presented in State ex rel. Stewart v. Reid, 115 La. 959, 40 South. 369. The judge was recused; there was no refusal to recuse.

There was no right to an appeal.

It was different in State ex rel. Poche v. Judge, 42 La. Ann. 319, 7 South. 586. In that case the motion for recusation had been denied.

There was a right to an appeal.

In another case this court said no appeal lies from an order whereby the judge recuses himself.

One will lie from an order refusing to recuse himself. Board of Church Wardens v. Perche, 36 La. Ann. 161.

Again, the case was transferred to the judge of an adjoining district; that is, the motion was granted.

The court held that there was no irreparable injury.

Appeal did not lie. Fields Futus v. Gagne, 33 La. Ann. 339.

The motion of recusation was granted in State ex rel. Fontelieu v. Judge, 31 La. Ann. 48.

The court held no irreparable injury, and refused the appeal. In another case the motion was denied. Appeal lies. Jarreau v. Choppin, 6 La. 133.

Transfer not irreparable injury and no appeal lies from an order to transfer a case. Todd v. Andrews, 3 Mart. (N. S.) 25.

Although the judge refused the application to recuse him, it was held: Order interlocutory; no appeal lies. Powell v. Kellar, 1 La. Ann. 25.

This case is not in line with other decisions, for although the judge refused recusation appeal was denied.

And in another case again there was a divergence from other decisions, for although the motion was granted it was held that there was a right of appeal. Poydras v. Livingston, 5 Mart. (O. S.) 292.

We adhere to the opinion expressed in the State ex rel. Stewart Case, cited supra, that no appeal lies from an order granting the application to recuse, and go one step further and hold that it applies also to a motion overruled.

We have noted in the case now before us for decision the motion to recuse was not granted.

There is really no good reason for the rule that the motion refused gives rise to grounds for appeal separate from decision on the merits. If there ever was any necessity for it, that necessity no longer exists.

The rule originally grew out of the construction placed on article 566, Code Prac. We must say, in our opinion, the article makes no distinction between the two—the motion refused, or the motion granted to recuse. There is no necessity for a different rule. When an exception ratione materiæ or ratione personæ is decided, the question is brought up on the merits.

There is no good reason why it should be different in matter to recuse.

There may have been some reason under former jurisprudence for thus holding.

We therefore hold that 42 La. Ann. 317, 7 South. 586, State ex rel. Poche v. Judge, and other decisions agreeing with it on this point, have survived their usefulness; that these can no longer be held as authority under our present laws, affording ample relief, without recognizing the right to an independent and

separate appeal in case in which motion for recusation is denied.

Whether the case is transferred or not transferred, whether recusation be granted or not granted, an independent appeal in the present suit will not lie.

The question of recusation in this case is referred to the merits to be considered on the appeal at the same time with the merits, should the case be brought up on appeal.

The right of appeal heretofore given was decision made law. The decision in question being overruled, there is no law under which an appeal can be taken. The court has no jurisdiction to entertain an appeal when there is no law authorizing the appeal. The question goes to the absolute want of power in the court to grant an appeal.

The defendants ask for the dismissal of the appeal.

The appeal is dismissed on different grounds than those they urged; the result is the same.

The judge of the district court is directed to take such action as may be necessary in order to carry out the views herein expressed. For reasons stated, and the law and evidence being in favor of plaintiff and appellee, the appeal is dismissed at appellants' costs. The proceedings for recusation are referred to be brought up on the merits of the case.

### On Application for Rehearing.

The utterances in another decision, to which applicant for a rehearing refers, are not pertinent. The Stewart Case, cited in the above opinion.

The decisions of this court established a difference between the right of appeal when recusation was ordered and when recusation was not ordered.

As before stated, in the last-cited case, recusation was not refused. It was not appealable, while in the present case it is different; recusation was refused.

In view of prior decisions, the reasoning and utterances do not apply in the present case. The two issues were different.

After having given the subject careful attention, the court unanimously concluded it advisable to put an end to interminable delays in matter of recusation.

Rehearing refused.