204 So.2d 714 (1967)
Charles BROUSSARD et al., Plaintiffs-Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 2168.
Court of Appeal of Louisiana, Third Circuit.
November 29, 1967.
Rehearing Denied December 28, 1967.
Writ Refused February 2, 1968.
John Rixie Mouton, and J. Minos Simon, Lafayette, for plaintiffs-appellants.
Jacob D. Landry, of Landry, Watkins, Cousin & Bonin, New Iberia, for defendants-appellees.
Before FRUGÉ, SAVOY and HOOD, JJ.
FRUGÉ, Judge.
The case first came to our attention as a motion to dismiss an appeal from the Fifteenth Judicial District taken from the trial court's determination that venue was improper in that district and his transfer of the case to the Sixteenth Judicial District. The motion to dismiss was referred to the merits of the appeal and argued before us along with the merits. Thus, the first issue to decide is whether or not the motion to dismiss the appeal should be granted; and only if not, then to determine if the trial court's ruling to transfer the case to the Sixteenth Judicial District was proper.
The motion to dismiss is based upon the argument that this court lacks jurisdiction in this matter in that the order of the court in transferring the case to another district was not a final judgment nor an interlocutory judgment which might cause irreparable injury (Code of Civil Procedure 1960, Art. 2083), and thus no appeal will lie therefrom.
There is no evidence taken on this case, but, for purposes of a fuller understanding of the precise issue involved, the facts as outlined from the pleadings appear to be as follows: The plaintiffs-appellants are suing for recovery from the defendant manufacturing company and his insurer for the loss of one bull which he claims died as a result of its feeding upon faulty or poisonous foodstuffs obtained from the defendant company. The plaintiffs-appellants *715 further outline specific charges of negligence against defendant. The defendant filed a declinatory exception of improper venue, which was heard; and the court determined that the Fifteenth Judicial District was improper venue and transferred the case to the Sixteenth Judicial District, which was the place of the registered office of the defendant company.
Since we are of the opinion that the motion to dismiss this appeal should be granted, it therefore becomes unnecessary to pass upon the question of whether or not the trial court was correct in deciding that the Fifteenth Judicial District was an improper venue for this case to be heard.
The matter as to which judgments are appealable is regulated by the Code of Civil Procedure, 1960. On this point Article 2083 states:
"An appeal may be taken from a final judgment, * * * and from an interlocutory judgment which may cause irreparable injury."
An interlocutory judgment is defined by CCP Article 1841 as:
"* * * A judgment that does not determine the merits but only preliminary matters in the course of the action * * *."
There appears no doubt but that the ruling of the trial court in transferring this case was an interlocutory judgment, and as such, unless we find that irreparable injury might occur from our refusal to hear the appeal, the motion to dismiss the appeal should be granted.
We feel constrained to follow the weight of our jurisprudence which is to the effect that no appeal lies from an order of the trial court transferring a case to another district, because no irreparable injury might result therefrom. State ex rel. Stewart v. Reid, 115 La. 959, 40 So. 369 (1906), (and cases cited therein); Agnes v. Judice, 3 Martin (O.S.) 171, 182 (1813); State ex rel. Fontelieu v. Judge of the Sixteenth District, 31 La.Ann. 47 (1879); Fields v. Gagné, 33 La.App. 339 (1881); S. Hernsheim and Bro. v. Isidore Levy & Co., 33 La.Ann. 1283 (1881).
In Fields v. Gagné, supra, the Court stated:
"But if the interlocutory decree complained of, pregnant though it may be with consequences to either party, is of such a nature as to be covered by the appeal from the final judgment, and if the decree of the appellant court can restore the parties, without the loss of any right under the pleadings, to the identical position which they respectively occupied before the rendering of the interlocutory decree or order complained of, the injury to either party is clearly not irreparable, and, therefore, the right of appeal does not exist." (33 La.Ann. p. 340)
Likewise, in the S. Hernsheim and Bro. case, supra, 33 La.Ann. at 1284, the court said:
"[The question] is whether the judgment complained of, even if erroneous, would cause irreparable injury to the defendants. As the case could and will be reviewed by us on appeal, the alleged error of the judge in ordering the transfer of the cause, will be corrected, and the cause remanded to the proper tribunal. Thus the injury caused to defendants would be remedied, and it follows, therefore, that it is not irreparable."[2]
*716 The only basis upon which this court might properly review an order of the trial court transferring the case to another district is by aggrieved party's seeking some sort of supervisory writ. See Wooten v. Central Mutual Ins. Co., 166 So.2d 747 (La.App.3rd Cir. 1964); Osborn Funeral Home v. Louisiana State Bd. of Emb., 162 So.2d 596 (La.App.2d Cir., 1964).
The appellants rely heavily upon the Osborn Funeral Home case, supra, as authority for the proposition that the judgment of the trial court is appealable, but we do not find that case controlling here. As the facts in the Osborn Funeral Home case clearly indicate, the first review of the order of the trial court transferring the case to another district, was obtained through the seeking and obtaining a writ of review from the appellate court. Thereafter the issue was determined and the judgment of the appellate court on that matter (though interlocutory) became a final judgment. Thereafter, review of a similar judgment of the same trial court was again sought, this time in the form of an appeal from the order of the trial court. The court of appeal held that an appeal from the interlocutory order of the trial court would be proper because the judgment complained of had become a final judgment and thus the appellant's right had become fixed by virtue of the first review of that same issue. For that reason, the court of appeal found that irreparable harm may be occasioned by the appellants if the appeal would not be allowed. But this is not the case here. There has been no final judgment pertaining to the order of the trial court, and thus the appellants' rights will not be lost or prejudiced by our denying his appeal at this time.
For the foregoing reasons, the motion to dismiss the appeal is hereby granted and all costs of these proceedings shall be assessed against the appellants, Charles and William Broussard.
Appeal dismissed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[2] Confusingly, there is authority to the effect that should a trial judge refuse to grant an order of recusation or to transfer the case to another venue, such a ruling would be appealable. See Jarreau v. Choppin, 6 La. 130 (1834); State ex rel. Fontelieu v. Judge, supra; Fields v. Gangé, supra; State ex rel. Poche v. Judge, 42 La.Ann. 317, 7 So. 586 (1890). Apparently if an order were granted transferring a case from a state district court to a federal district court, such an order would be appealable. See State ex rel. Stewart v. Reid, supra, and State ex rel. Fontelieu v. Judge, supra. In this latter case, the court set forth the reason for this exception to the general rule as being that whenever the cause was transferred from a state court to a federal court "the State courts lose the jurisdiction entirely, and if an appeal were not permitted, there would be no opportunity to ascertain or test the legality of the order. But * * * [when a case is transferred from one state court to another], the appeal is eventually to this tribunal, and the order of removal comes up with the final judgment, and is subject to our review. The injury is therefore not irreparable."