291 So.2d 849 (1974)
COMMUNICATION COUNSELORS NETWORK, INC.
v.
BURGER CHEF OF LOUISIANA, INC., d/b/a Combo Corporation.
No. 6064.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
Rehearing Denied April 9, 1974.
*850 Nelson, Nelson, Garretson, Lombard & Stern, Lynne Rothschild Stern, New Orleans, for plaintiff-appellant.
Sidney M. Bach, New Orleans, for defendant-appellee.
Before GULOTTA, MORIAL and MARCEL, JJ.
MORIAL, Judge.
Our examination of the record on which the lower court ordered this suit transferred under the doctrine of forum non conveniens discloses: a complaint was filed against the defendant in the Supreme Court of the State of New York and on December 7, 1971 in the Supreme Court of the State of New York, the plaintiff, a Delaware corporation with its principal office in New York, New York, obtained a default judgment against the defendant, a Louisiana corporation with its principal office in Lafayette, Louisiana; on January 18, 1973 plaintiff filed this suit seeking recognition of its New York judgment in the Civil District Court for the Parish of Orleans; at the time the New York suit was instituted and when this suit was filed the public records of Louisiana[1] showed the registered office of the defendant in the Parish of Orleans. On March 5, 1973 defendant filed "Declinatory Exceptions of Insufficiency of Citation and of Insufficiency of Service of Process"; defendant voluntarily withdrew those exceptions on April 2, 1973, and filed other exceptions styled, "Dilatory Exception of Vagueness and of Ambiguity of the Petition and Alternative Declinatory Exception of Improper Venue"; on April 12, 1973 defendant filed in the Office of the Secretary of State of Louisiana a "Notice of Change of Location of Registered Office and/or Change of Registered Agent" together with a resolution adopted at its Board of Directors meeting of February 1, 1973, changing its registered office to Lafayette, Louisiana; after argument only on defendant's alternative exception on April 27, 1973 the trial court rendered judgment ordering the suit transferred to the Fifteenth Judicial District Court for the Parish of Lafayette pursuant to the doctrine of forum non conveniens as set forth in LSA-C.C.P. Article 123.[2]
*851 Plaintiff timely perfected this devolutive appeal from the judgment of April 27, 1973. After submission of briefs and oral argument by the parties, this court, ex proprio motu,[3] ordered the parties to show cause by briefs only, why the appeal should or should not be dismissed because the judgment from which the appeal was taken is not a final judgment or an interlocutory judgment which may cause irreparable injury. The parties complied with that order.
In our opinion, the appeal should be dismissed. Accordingly, it is unnecessary for us to determine whether or not the trial court properly applied the doctrine of forum non conveniens and correctly transferred the case to the Fifteenth Judicial District Court.
The appealability of judgments is regulated by LSA-C.C.P. Article 2083 which states:
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury." (emphasis supplied)
An interlocutory judgment is defined in LSA-C.C.P. Article 1841 as:
"* * * A judgment that does not determine the merits but only preliminary matters in the course of the action * * *."
It is abundantly clear that the ruling of the trial court in transferring this case was an interlocutory judgment. An order granting or denying a requested transfer under 28 U.S.C. § 1404 is also interlocutory. See: 1 Barron & Holtzoff, Federal Practice and Procedure (Wright ed.) § 86.7. Therefore, for us to hear the appeal we must find that irreparable injury may be caused by our refusal to do so.
Our courts have repeatedly held that no appeal lies from an order of the trial court transferring a case to another district under the available venue-transfer articles[4] of our law because no irreparable injury might result therefrom. Broussard v. Liberty Mutual Insurance Company, 204 So.2d 714 (La.App. 3rd Cir. 1967), and cases cited therein.
The theory of forum non conveniens does not raise the question of the interlocutory nature of an improper-proper venue transfer order. Under forum non conveniens the court may transfer a case to a district court where the case "might have been brought." The transferor court and the transferee court are both courts of proper venue. Wall v. American Emp. Ins. Co., 250 So.2d 172 (La.App. 1st Cir. 1971). Forum non conveniens envisions a plaintiff's privilege to commence an action in either of two proper venues.
The transfer order under forum non conveniens, as the transfer for improper venue, can be reviewed on appeal from the final judgment. After review on appeal, the decree of the appeals court can restore the parties, without the loss of any right under the pleading, to the identical position which they respectively occupied before the rendering of the interlocutory decree. Fields v. Gagne, 33 La.Ann. 339 (1881).
The transfer of a lawsuit pursuant to the principle of forum non conveniens is not irreparable injury within the contemplation of LSA-C.C.P. Article 2083. Our refusal to hear the appeal of a transfer order under forum non conveniens of this suit for the recognition and execution of a judgment of a foreign court, will cause no irreparable injury.
The general policy of our law forbids sporadic review of interlocutory orders issued during the course of litigation *852 and abhors piecemeal appeals on fragmented issues. See e. g., Bettencourtt v. Boyd, 209 So.2d 339 (La.App. 1st Cir. 1968).
An aggrieved party's recourse for review of an order of the trial court transferring a case to another district is via a supervisory writ. See Osborn Funeral Home v. Louisiana State Board of Emb., 162 So.2d 596 (La.App. 2d Cir. 1964). Cf. Wall v. American Emp. Ins. Co., supra.
This appeal emanates from an interlocutory judgment from which no irreparable injury will be caused, and, therefore, we are not endowed with jurisdiction to consider such an appeal.
For the foregoing reasons, the appeal is dismissed.
All costs incurred herein are to be paid by the plaintiff-appellant.
Dismissed.
NOTES
[1] Records of the Recorder of Mortgages for the Parish of Orleans and records of the Secretary of State, State of Louisiana.
[2] "For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought, provided, however, that no suit brought in the parish of which the plaintiff is domiciled, and which court is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this article."

Added to our Code of Civil Procedure in 1970 on the recommendation of the Louisiana Law institute to overcome Trahan v. Phoenix Ins. Co., 200 So.2d 118 (La.App. 1st Cir. 1967) cert. den. 251 La. 47, 202 So.2d 657, which held that the doctrine of forum non conveniens was foreign to Louisiana procedural law. The article is patterned after 28 U.S.C. § 1404 which provides:
"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
"(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. * * *"
[3] See Uniform Rules, Courts of Appeal, Rule VII, § 5.
[4] LSA-C.C.P. Articles 121 and 122.