451 So.2d 1279 (1984)
Marlene King LEBLANC, Plaintiff-Appellee,
v.
Jack Roland LEBLANC, Defendant-Appellant.
No. 84-326.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1984.
Marlene King LeBlanc, in pro. per.
Jack Roland LeBlanc, in pro. per.
Before GUIDRY, STOKER, and LABORDE, JJ.

*1280 MOTION TO DISMISS
LABORDE, Judge.
The defendant-appellant, Jack Roland LeBlanc, has devolutively appealed from a judgment denying his motion for the recusation of the Honorable Douglas Nehrbass, judge of the Fifteenth Judicial District Court. This court issued a rule to show cause why this appeal should not be dismissed on the grounds that the judgment appealed from is a non-appealable interlocutory judgment. LeBlanc has failed to answer said rule.
An appeal may be taken from a final judgment or an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. Art. 2083. A final judgment is one that determines the merits in whole or in part. A judgment that only determines preliminary matters in the cause of an action is an interlocutory judgment. LSA-C. C.P. 1841.
The Code of Civil procedure is silent as to the procedural means to achieve review of an order granting or denying recusation of a judge. A review of the jurisprudence reveals that a judgment denying a motion for recusation is interloctory in nature and may be reviewable on appeal of a final judgment on the merits. State, Department of Highways v. McDonald, 329 So.2d 898 (La.App. 2nd Cir.1976); Schwing v. Dunlap, 125 La. 677, 51 So. 684 (La.1910).
Accordingly, we dismiss ex proprio motu the appeal of the defendant appellant, Jack Roland LeBlanc. The matter is remanded to the trial court for further proceedings according to law.
APPEAL DISMISSED.