550 So.2d 359 (1989)
Jack F. OWENS, Jr., Plaintiff-Appellant,
v.
Sheriff Thomas L. "Sonny" JACKSON, et al., Defendants-Appellees.
No. 88-586.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1989.
*360 Gill Smith, Natchez, Miss., for plaintiff-appellant.
Nathan M. Calhoun, Vidalia, George Griffing, Jonesville, for defendant-appellee.
Before DOMENGEAUX, FORET and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether the trial court was correct in dismissing plaintiff's suit with prejudice and whether damages should be awarded for a frivolous appeal.
Jack F. Owens, Jr. (hereinafter plaintiff) filed suit against Thomas L. "Sonny" Jackson, Sheriff of Catahoula Parish, Louisiana, and his attorney, George Griffing (hereinafter defendants), seeking damages for defamation and malicious prosecution allegedly caused by the defendants' filing a *361 lawsuit against him. Defendants both filed exceptions of no cause of action which were heard and sustained. Plaintiff was ordered to amend his suit, if he could, within ten days to remove the grounds of the objection pleaded by the exceptions under penalty of having his suit dismissed with prejudice. Upon plaintiff's failure to amend, defendants moved to dismiss his lawsuit and an order of dismissal was signed dismissing his lawsuit with prejudice. Plaintiff timely appeals. Defendant, Jackson, answered the appeal and seeks damages for a frivolous appeal. We affirm the dismissal of plaintiff's suit with prejudice but amend to award defendant, Jackson, damages for frivolous appeal.

FACTS
On September 15, 1986, defendant, Sheriff Thomas L. "Sonny" Jackson, through his attorney, defendant, George Griffing, filed a suit (hereinafter the Sheriff's suit) against plaintiff, Jack Owens, an attorney. The Sheriff claimed that Owens defamed him by filing five previous lawsuits against him. These five suits arose out of claims for wrongful seizure in two instances, a vehicular accident involving a Sheriff's Department vehicle, a death which occurred in the jail, and an alleged mistreatment of a prisoner in the jail.
In response to the filing of the Sheriff's suit, plaintiff filed this lawsuit seeking damages on September 15, 1987, exactly one year after the Sheriff's suit was filed, alleging that he was defamed by the defendants, as a result of the filing of the Sheriff's suit, and that the Sheriff's suit was malicious prosecution. Plaintiff also alleged that defendant, Jackson, made oral declarations in public that defamed him. Defendants each filed exceptions of no cause of action which were assigned to and fixed for hearing before Judge W.C. Falkenheiner in accordance with local court rules. Plaintiff then filed a motion to recuse Judge Falkenheiner because he had been recused in the Sheriff's suit between the parties and because the defendants were officers of the court. The motion to recuse was heard on December 9, 1987 by Judge Jimmie C. Peters of the Twenty-Eighth Judicial District Court, who denied the motion.
After Judge Peters had denied the motion to recuse, Judge Falkenheiner proceeded on the same day to hear defendants' exceptions of no cause of action. These exceptions were tried on the face of plaintiff's petition. Plaintiff alleged in his petition that:

"2.
Defendants have, over a long period of time, defamed your petitioner in the following particulars:
A. On or about September 15, 1986, the defendants did negligently and willfully conspire to file a malicious, vile and meritless suit against your petitioner alleging defamation of the Sheriff, Thomas L. "Sonny" Jackson as a result of the filing of five suits by petitioner on behalf of his clients. The suit filed by defendants on 9-15-86, was false, malicious, and done with wreckless [sic] disregard to the truth and without proper consideration and without probable cause. The stated purpose by defendants was to stop petitioner from pursuing his profession and to stop petitioner from filing any future claim against the Sheriff, regardless of merit. At all times, the claims filed on the five lawsuits were the claims of petitioner's clients and not that of their attorney of record and petitioner herein.
B. Petitioner further shows that defendant, Thomas L. "Sonny" Jackson has declared in public, that petitioner is responsible for filing five malicious suits against him, and has sued your petitioner in the suit dated 9-15-86, mentioned above. The defendant has made other varied and sundry defamatory remarks about your petitioner to third parties which will be more clearly designated at the trial of this matter."
Judge Falkenheiner sustained the defendants' exceptions of no cause of action and ordered the plaintiff to amend his petition to state a cause of action within ten days after the signing of the judgment maintaining the peremptory exception, and, if plaintiff *362 could not do so, ordered that plaintiff's suit would be dismissed with prejudice at his costs. A judgment on the hearing of the exception was signed on December 30, 1987. Plaintiff failed to amend his petition in compliance with the court's judgment. The trial judge, on defendants' motion on February 17, 1988, signed an order dismissing plaintiff's lawsuit with prejudice. Plaintiff timely appealed. Defendant, Jackson, answered the appeal seeking damages for frivolous appeal. We affirm the trial court insofar as it ordered the plaintiff's lawsuit dismissed, but amend to award damages to the defendant, Jackson, against the plaintiff for a frivolous appeal and render a judgment for the amount of the damages. As amended the judgment of the trial court is affirmed.

EXCEPTIONS OF NO CAUSE OF ACTION
The standard for sustaining an exception of no cause of action was set forth in Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980), as follows:
"In ruling on the peremptory exception of no cause of action, the court must presume the correctness of the well pleaded allegations of fact in the plaintiff's petition, and must determine if the fact of the petition presents a case which legally entitles the plaintiff to the relief sought." Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 at page 336 (La. 1980).
Defamation and malicious prosecution are two distinct offenses. Lees v. Smith, 363 So.2d 974, 977 (La.App. 3 Cir. 1978). The essential elements for a claim for malicious prosecution are:
1. The commencement or continuance of an original criminal or civil judicial proceeding;
2. Its legal causation by the present defendant in the original proceeding;
3. Its bona fide termination in favor of the present plaintiff;
4. The absence of probable cause for such proceeding;
5. The presence of malice therein; and
6. Damage conforming to legal standards resulting to plaintiff.
See also, Lees v. Smith, supra; Eusant v. Unity Industrial Life Ins. and S. Benefit Ass'n, 195 La. 347, 196 So. 554 (1940); Jones v. Soileau, 448 So.2d 1268 (La.1984); Aucoin v. Aetna Casualty & Surety Co., 520 So.2d 795 (La.App. 3 Cir.1987).
Plaintiff's petition does not state a cause of action against either defendant for malicious prosecution. There is no allegation in the plaintiff's petition that the Sheriff's suit had been terminated. Plaintiff argues in brief to this court that two of the five claims asserted in the Sheriff's suit against him have been dismissed on motions of prescription and attaches to his appellate brief as an exhibit a copy of a purported ruling on his exceptions of prescription in the Sheriff's suit. An exhibit attached to an appellate brief does not constitute evidence and can not be considered on appeal. City of Eunice v. CLM Equipment Co., Inc., 505 So.2d 976 (La.App. 3 Cir.1987), and authorities cited therein. An examination of this exhibit is beyond the scope of this appeal, as this court will only review issues that have been submitted to the trial court and raised in specifications or assignments of error on appeal, unless the interests of justice clearly require otherwise. Rule 1-3, Uniform Rules, Courts of Appeal; Harris v. Aetna Ins. Co., 509 So.2d 486 (La.App. 3 Cir.1987). However, even if we considered this exhibit we note that a judgment sustaining an exception of prescription is a final appealable judgment, even where it only determines a portion of the case. Rousseau v. Employers Mutual of Wausau, 493 So.2d 121 (La.App. 5 Cir. 1986), writ not considered, 493 So.2d 1206 (La.1986); Boudreaux v. Terrebonne Parish Police Jury, 422 So.2d 1209 (La.App. 1 Cir.1982); Powell v. Ferguson, 412 So.2d 1162 (La.App. 3 Cir.1982). There is no proof in the record of this case that there has been a dismissal of two of the claims in the Sheriff's suit by the sustaining of exceptions of prescription nor is there any proof in the record of this case that the judgments sustaining the exceptions of prescription in the Sheriff's suit are not presently *363 on appeal. There is absolutely no evidence in the record of this suit regarding the Sheriff's suit, the action taken on the exceptions in the Sheriff's suit, or of any actions in the Sheriff's suit concerning appeals. On the appeal of this matter we can only review the record before us.
The essential elements for a claim for defamation are: (1) defamatory words; (2) communication to persons other than the one alleging the action; (3) falsity; (4) malice, actual or implied; (5) resulting injury, Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958), State v. Caubarreaux Used Cars, 520 So.2d 1180 (La.App. 3 Cir. 1988), Lees v. Smith, supra, at 977-978; and (6) where the action is based on statements made in a judicial proceeding, the termination of that proceeding. Hillman v. U.S. Aviation Underwriters, 509 So.2d 125, 127 (La.App. 1 Cir.1987); Young Oil Co. of La., Inc. v. Durbin, 412 So.2d 620, 627 (La.App. 2 Cir.1982). The plaintiff failed to allege a cause of action as to paragraph (A) of his petition because there is no allegation that the prior proceeding, the Sheriff's suit filed on September 15, 1986, has reached a final disposition. The plaintiff failed to state a cause of action in paragraph (B) of his petition against defendant, Griffing, because this paragraph sets forth no alleged acts by him. Paragraph (B) also fails to state a cause of action as to defendant, Jackson, because there are no allegations of specific defamatory statements. Allegations which contain no specific factual details are not adequate to establish a cause of action for defamation. A cause of action cannot be established by statements which are merely general conclusions of fact or law. Delta Bank & Trust Co. v. Lassiter, supra, at 336; Hillman v. United States Aviation Underwriters, supra, at 127; Sunbelt Factors, Inc. v. Bank of Gonzales, 481 So.2d 648, 650 (La.App. 1 Cir.1985). For these reasons we find the trial court was correct in sustaining the defendants-appellees' peremptory exceptions of no cause of action.

DISMISSAL OF PLAINTIFF'S SUIT WITH PREJUDICE
Plaintiff complains of the trial court dismissing his suit. When the trial court sustained defendants' exceptions of no cause of action, plaintiff was given ten days in which to amend his petition to state a cause of action as required by La.C.C.P. Art. 934. When plaintiff failed to even attempt to amend, the trial court dismissed his suit with prejudice. The plaintiff asserts on appeal that the trial judge erred in dismissing his suit because the order directing the plaintiff to amend his petition is on appeal and, therefore, is not final. This contention is wholly without merit. An order to amend is an interlocutory order which is not appealable absent irreparable harm. La.C.C.P. Art. 1841 and Art. 2083. The plaintiff could not appeal the interlocutory order, maintaining the defendants' peremptory exceptions of no cause of action and ordering plaintiff to amend, until the dismissal of his suit.
Plaintiff next contends that it was improper to dismiss his suit because separate judgments sustaining the exceptions were not signed as to each defendant. Plaintiff argues that since different allegations were made as to each defendant, who each filed separate exceptions of no cause of action, that the trial court sustained each of the exceptions of no cause of action on different grounds as to each defendant and, for this reason, there should have been two separate judgments sustaining the exceptions. This argument is without merit as there is no requirement of law that there has to be a separate judgment as to each defendant. There is no requirement that an interlocutory judgment be in writing so long as it is entered in the minutes of the court. Domino v. Striplen, 366 So.2d 1035, 1036 (La.App. 1 Cir.1979), writ den., 369 So.2d 457 (La.1979); Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465, 466 (La.App. 3 Cir.1962). The minute entry and transcript of the hearing in the record show that the order sustaining the exceptions was rendered in open court in the presence of all parties' counsel. No other notice to the parties or counsel of the signing of a judgment on the exceptions is necessary in such instance if *364 a request for notice is not made. See La.C. C.P. Art. 1913 and Art. 1914. We also note that the judgment sustaining the exceptions, which was signed by the trial judge, was approved as to form by plaintiff's attorney.
Plaintiff next complains of the trial court dismissing his suit with prejudice. He argues that this would preclude him from again filing suit against defendants once the Sheriff's suit filed on September 15, 1986 reaches a final disposition, if that suit is decided in favor of the defendant in that suit, who is the plaintiff in this suit, since he would then possibly have a cause of action in either defamation or malicious prosecution or both. Plaintiff's argument has no merit and is illogical. The dismissal of this suit with prejudice only puts an end to this suit. It is being dismissed with prejudice because it states no cause of action. A dismissal of a suit with prejudice constitutes a bar to another suit on the same cause of action. See La.C.C.P. Art. 1673. Here, there is no cause of action pleaded. This is why the suit has been dismissed. A dismissal with prejudice of a suit because it pleads no cause of action can not constitute a bar to a cause of action which might later be pleaded.

MOTION TO RECUSE
Plaintiff contends that the trial court erred in denying his Motion to Recuse. The grounds for recusal set out in La.C.C.P. Art. 151 are the sole and exclusive grounds for recusal. Love v. Baden, 478 So.2d 1008, 1011 (La.App. 3 Cir.1985); Rollo v. Dison, 402 So.2d 122, 125 (La.App. 2 Cir.1981), writ den., 404 So.2d 265 (La. 1981). La.C.C.P. Art. 151, as it read at the time of the hearing on the Motion to Recuse, stated in part:
"A judge of any court, trial or appellate, may be recused when he:
(1) Is a material witness in the cause;
(2) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
(3) At the time of the hearing of any contested issue in the cause, has continued to employ, to represent him personally, the attorney actually handling the cause (not just a member of that attorney's firm), and in this case the employment shall be disclosed to each party in the cause;
(4) Has performed a judicial act in the cause in another court;
(5) Is the spouse of a party, or of an attorney employed in the cause; or is related to a party, or to the spouse of a party, within the fourth degree; or is related to an attorney employed in the cause; or to the spouse of the attorney, within the second degree; or
(6) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings." La.C. C.P. Art. 151 (in effect on December 9, 1987).
At the recusation hearing plaintiff presented no evidence of any legal grounds upon which recusation could be ordered. The fact that Judge Falkenheiner recused himself in the pending Sheriff's suit involving the same parties is not alone cause for recusal. One of the grounds set forth in C.C.P. Art. 151 must be present. The fact that defendants were officers of the court is not cause for recusal. There is no evidence in the record of this case to show that subparagraphs 1, 2, 3, or 5 of the article would apply. Subparagraph 4 of the article is only applicable where a trial judge has performed a judicial act in a cause in another court, and is thereby precluded from hearing the cause, or where a judge has performed a ministerial or minor act in a cause in another court. Rollo v. Dison, supra at 126. Nevertheless, this ground requires that the cause involved be one and the same. The two suits involved here, the Sheriff's suit and the suit at bar, are not one and the same. They both might involve some common elements of law or fact, but the suit at bar is for defamation and malicious prosecution arising out of the Sheriff's suit filed on September 15, 1986, by the defendants in this *365 case against the plaintiff in this case. The Sheriff's suit involves a different claim of defamation by one of the defendants herein against plaintiff herein stemming from five previous suits brought by the present plaintiff against one of the present defendants.
As to subparagraph 6 of the article, recusal is only permitted where the trial judge is biased, prejudiced or interested in the cause or outcome "to such an extent that he would be unable to conduct fair and impartial proceedings." La.C.C.P. Art. 151(6) (in effect on December 9, 1987). Plaintiff counsel stated to the trial court at the hearing on the motion to recuse that he "intended no inference that Judge Falkenheiner could not be perfectly fair in the case," and no evidence of bias, prejudice or interest was presented.
The plaintiff next contends his Motion for Recusal was never definitively decided because there is no written order or judgment in the trial record. For this reason plaintiff argues that the trial judge, who was the subject of the motion to recuse, had no authority to hear and render a judgment on the exceptions of no cause of action. This contention has no merit. The motion was heard and denied in open court with the plaintiff's attorney present. A judgment denying a motion for recusation is interlocutory in nature and may be appealed only upon a showing of irreparable injury. La.C.C.P. Art. 2083; Schwing v. Dunlap, 125 La. 677, 51 So. 684 (1910); Leblanc v. Leblanc, 451 So.2d 1279, 1280 (La.App. 3 Cir.1984). As stated above, there is no requirement that an interlocutory judgment be in writing, as it is sufficient for it to be entered into the minutes. Domino v. Striplen, supra; Simon v. Lumbermens Mutual Casualty Company, supra. The minutes reflect that the motion to recuse was heard and denied in open court with plaintiff's counsel present.
The record indicates that this hearing on the motion to recuse occurred prior to the hearing on the exceptions and therefore, since Judge Falkenheiner was not recused, he properly had the authority to hear the exceptions, render judgment, and to finally order the dismissal of this suit upon plaintiff's failure to amend. For these reasons we find no merit to plaintiff-appellant's arguments concerning the motion to recuse.

FRIVOLOUS APPEAL
Defendant, Jackson, answered the appeal to request damages for a frivolous appeal as well as attorney's fees and costs. Damages for a frivolous appeal are allowed only where it is clear that the appeal was taken for delay or where it is obvious that counsel is not sincere in the view he advocates. Seago, Patrick, Carmichael & Miller v. State Farm Mutual, 521 So.2d 674, 678 (La.App. 1 Cir.1988); Succession of Thompson v. Harrington, 502 So.2d 229, 232 (La.App. 3 Cir.1987); Dubois v. State Through Dept. of Public Safety, 466 So.2d 1381, 1387 (La.App. 3 Cir.1985). It is obvious that the plaintiff does not have a sincere belief in the position he takes in this appeal. Plaintiff, Owens, on behalf of his clients, sued defendant, Jackson, in five separate suits. Then defendant, Jackson, sued plaintiff, Owens, in the September 15, 1986 suit for defamation based on these five previous suits. Finally, before the completion of the September 15, 1986 suit, plaintiff, Owens, sued defendant, Jackson, and his attorney, Griffing, in this suit. During the hearing on the exception of no cause of action, the plaintiff, through his counsel, conceded that there could be no cause of action for malicious prosecution before the completion of the September 15, 1986 suit. Plaintiff, through his counsel, then argued to the trial court that he thought "there are additional allegations in Mr. Owens' suit which... which bring in other factors than those arising strictly out of the sheriff's suit against him." Presumably he was referring to the general allegation that the defendant, Jackson, had made oral defamatory remarks about plaintiff. Yet, plaintiff was unable to amend his petition to allege specifics of these "additional allegations" to the court. Furthermore, the plaintiff failed to even attempt to amend his petition to state a cause of action, if he could do so. The plaintiff then appealed to this court arguing that his petition did *366 state a cause of action. Plaintiff did not even file a timely brief in this court. It was not until the Clerk of this Court sent plaintiff a certified letter, dated July 12, 1988, notifying him that his appeal would be dismissed if he failed to file a brief within thirty days, that the plaintiff even pursued his appeal by filing a brief. The plaintiff also waived his right to oral argument of his appeal in this court by not making a timely request for oral argument. Plaintiff's brief, once filed, was at best, poor. Plaintiff cited inadequately few cases or legal authorities in his arguments in support of his specifications of error. The plaintiff made several specifications of error which are totally without merit either factually or legally. These included the specifications that there was no judgment or order denying his motion to recuse, that there should have been a separate judgment on the exceptions filed by each defendant, that the trial judge erred in ordering the plaintiff to amend his petition, that the trial judge rendered a decision on the exception of no cause of action before the rendition of a decision in the motion to recuse, and that the trial judge erred in dismissing his suit with prejudice. For these reasons we find plaintiff's appeal to be frivolous. In reviewing the entire record of this matter we find that $1,500.00 is an adequate award of damages for frivolous appeal and attorney's fees to defendant-appellee, Jackson.
For the foregoing reasons, the trial court judgment is affirmed insofar as it maintained defendants' exceptions of no cause of action and dismissed the plaintiff's lawsuit with prejudice. Damages and attorney's fees in the amount of $1,500.00 are awarded to defendant-appellee, Jackson, and against plaintiff-appellant for a frivolous appeal. All costs of this appeal and of the trial court are taxed to plaintiff-appellant.
AMENDED, AND AS AMENDED, AFFIRMED.