NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 25-51

JASON VIDRINE

VERSUS

ACADIANA LIGHTING & SIGNS, LLC,
ALFRED MILTON, JR., AND
UNITED FIRE AND CASUALTY
COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20220079
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Clayton Davis,
Judges.

MOTION TO DISMISS DENIED.

**Kraig Thomas Strenge**
**P. O. Box 52292**
**Lafayette, LA 70505-2292**
**(337) 261-9722**
**COUNSEL FOR DEFENDANT/APPLICANT:**
    **United Fire & Casualty Company**
    **Alfred Milton, Jr.**
    **Acadiana Lighting & Signs, LLC**

**Scott F. Higgins**
**LaBorde Earles**
**P. O.  Box 80098**
**Lafayette, LA 70598**
**(337) 261-2617**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Jason Vidrine**

**GREMILLION, Judge.**

This matter comes before this court on the motion of Defendants, Acadiana Lighting & Signs, LLC, Alfred Milton, Jr., and United Fire and Casualty Company, to dismiss as untimely an application for supervisory writs filed by Plaintiff, Jason Vidrine. For the following reasons, the motion is denied.

In dispute is the date of the "ruling at issue" under Rule 4–3 of the Uniform Rules of the Courts of Appeal for the purpose of calculating the thirty-day period for applying for supervisory writs. Parties have thirty days from the date of a trial court's ruling to file a writ application with the appellate court. Uniform Rules—Courts of Appeal, Rule 4–3. "There is no requirement that an interlocutory judgment be in writing so long as it is entered in the minutes of the court." *Owens v. Jackson*, 550 So.2d 359, 363 (La.App. 3 Cir. 1989). However, where a written judgment is "clearly contemplated at all times by the trial court and all parties, the date of the 'ruling at issue' for purposes of Rule 4–3" is the date of the signing of the judgment. *Kosmitis v. Bailey*, 96-573, p.1 (La. 10/4/96), 680 So.2d 1167, 1168. The delay for seeking writs under Rule 4–3 of the Uniform Rules of the Courts of Appeal commences from the date of notice of the written judgment where one is clearly contemplated. *Glob. Mktg. Sols., L.L.C. v. Blue Mill Farms, Inc.*, 19-1402 (La. 1/28/20), 288 So.3d 124. A party under a court order to prepare a judgment cannot reasonably be expected to seek review before the judgment is actually prepared. *Kosmitis*, 680 So.2d 1167.

On November 12, 2024, the trial court ruled, in open court, denying Plaintiff's motion in limine regarding evidence of the force of the impact in the underlying auto accident case. Defendants assert that the running of the time to seek supervisory writs from that decision began the day of the oral ruling.

However, the transcript of the hearing clearly indicates that the trial court contemplated a written ruling being prepared in the matter. The trial court specifically asked the parties "who is going to prepare either the Judgment or Judgments?" When Plaintiff's counsel indicated he would, the trial court answered (emphasis ours): "Please circulate for signature, **submit to me for signing**."[1] A written judgment in accordance with that order was submitted December 5, 2024, and that judgment signed the following day, December 6, 2024. Plaintiff filed his notice of intent to seek supervisory writs on December 16, 2024, well within thirty days of the signing of the judgment at issue. Whatever the merits of the application may ultimately be, it was timely filed. Accordingly, the motion to dismiss the application is hereby denied.[2]

**MOTION TO DISMISS DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

[1] Defendants assert that this language is not an order by the court to submit the written judgment, but rather the trial court leaving the matter "up to the parties." A plain reading of the discussion indicates that assertion is devoid of merit.

[2] Along with their motion to dismiss the application, Defendants also assert an opposition to Plaintiff's motion for an extension filed January 6, 2025, claiming it was also untimely. However, as noted above, Plaintiff had thirty days from December 6, 2024, to file for an extension under Rule 4–3 of the Uniform Rules of the Courts of Appeal. As January 5, 2025, thirty days from that date, was a Sunday, the motion for extension was timely filed the next day. Moreover, said motion for extension was already properly granted by this court January 6, 2025, the same day it was filed.